**E-Filed 11/2/05**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

EDUARDO CECENA and MARIA CECENA

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, MICHAEL ROMERO and DOES 1-100, inclusive,

Defendants.

Case Number C 05-03178-JF

ORDER[1] (1) GRANTING DEFENDANT MICHAEL ROMERO'S MOTION TO STRIKE; AND (2) DENYING PLAINTIFFS' MOTION FOR REMAND

[Docket Nos. 12 & 20]

Defendant Michael Romero ("Romero") moves to strike the complaint brought against him by Eduardo Cecena and Maria Cecena (collectively "Plaintiffs") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. In the alternative, Romero moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs simultaneously move to remand the instant action pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c), and ask the Court to take judicial notice of the papers submitted in

[1] This disposition is not designated for publication and may not be cited.

Case No. C 05-03178-JF
ORDER (1) GRANTING DEFENDANT MICHAEL ROMERO'S MOTION TO STRIKE; AND (2) DENYING PLAINTIFFS' MOTION FOR REMAND
(JFEX1)

support of their motion for remand for use in their opposition to Romero's motion to strike or dismiss. Having considered the briefs, relevant evidence, and the arguments of counsel at the hearing on October 28, 2005, the Court will GRANT Romero's motion to strike and DENY Plaintiffs' motion for remand for the reasons set forth below.

**I. BACKGROUND**

On February 15, 2005, Plaintiffs filed suit in the San Benito Superior Court against Allstate Insurance Company ("Allstate") and Romero (collectively "Defendants"), alleging claims for breach of contract, bad faith and negligence.[2] *See* San Benito Superior Court Case No. CU-05-00019; *see also* Complaint, ¶¶ 6-15. Plaintiffs' claims stem from Allstate's alleged failure timely to pay benefits owed to Plaintiffs under a homeowners insurance policy when Plaintiffs' home sustained fire damage. Complaint, ¶¶ 8, 12. In addition, Plaintiffs allege that Romero, the Allstate sales agent who serviced Plaintiffs' policy, negligently breached his duty to advise Plaintiffs of the coverage requirements for their home. *Id.*, ¶ 14. On June 2, 2005, Defendants separately demurred to the complaint. On July 14, 2005, the Superior Court sustained Allstate's demurrer with leave to amend and sustained Romero's demurrer without leave to amend, expressly dismissing the complaint in its entirety as to Romero. Notice of entry of the Superior Court's order was filed by Defendants on July 25, 2005.

On July 26, 2005, Plaintiffs filed a first amended complaint ("FAC") in the Superior Court. Plaintiffs' FAC continued to include Romero as a defendant, alleging new claims against him for fraud and negligent misrepresentation. *See* FAC, ¶¶ 29-44. Plaintiffs admit that "[t]echnically, [they] should have sought Leave to Amend from the court" before filing the new causes of action against Romero. Motion to Remand, at 2. Nonetheless, Plaintiffs maintain that by including new causes of action against Romero, they sought to "save judicial resources." *Id.* Defendants contend that Plaintiffs included Romero as a defendant in the FAC in order to defeat

---

[2] Plaintiffs are, and for all relevant times have been, residents of the State of California. Allstate is, and for all relevant times has been, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois. Romero is, and for all relevant times has been, a resident of the State of California.

2

Case No. C 05-03178-JF
ORDER (1) GRANTING DEFENDANT MICHAEL ROMERO'S MOTION TO STRIKE; AND (2) DENYING PLAINTIFFS' MOTION FOR REMAND
(JFEX1)

diversity and to preclude Allstate from removing the instant case to federal court.

On August 4, 2005, Plaintiffs learned that counsel for Allstate intended to remove the action to federal court, given Allstate's belief that the new causes of action against Romero were not permitted. *Id*., at 3. On the following day, Allstate filed a notice of removal with this Court pursuant to 28 U.S.C. § 1441(a).[3] Hours later, Plaintiffs attempted to file a motion with the Superior Court seeking leave to file their claims for fraud and negligent misrepresentation against Romero.[4] *See* Shepardson Dec., ¶ 12, Ex. 1. Although Plaintiffs' motion and supporting papers initially were accepted and file-stamped by the Superior Court, the filing subsequently was vacated because it occurred after the case had been removed to federal court. *See* Woelfel Dec., ¶ 3, Ex. B.

## II. DISCUSSION

### A. Motion for Remand

#### 1. *Legal Standard*

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the plaintiff could have initially filed the action in federal court. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). A party may file an action in federal court if there is diversity of citizenship among the parties or if the action raises a substantial federal question. *Ethridge*, 861 F.2d at 1393. The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Id*. The removal statute is strictly construed against removal. *Id*. The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

---

[3] According to Allstate's notice of removal, federal jurisdiction is based upon diversity of citizenship and satisfaction of the amount in controversy requirement. *See* 28 U.S.C. § 1332(a). Plaintiffs are California residents and Allstate is an Illinois corporation. *See supra*, note 2. Plaintiffs served Statements of Damages — Eduardo Cecena on July 8, 2005 and Maria Cecena on July 12, 2005 — indicating that each Plaintiff seeks to recover more than $75,000, exclusive of costs and interest.

[4] Plaintiffs also refer to this filing as a "Motion for Reconsideration" pursuant to Cal. Civ. Proc. Code § 1008.

**2. *Compliance With Removal Procedure***

Plaintiffs ask this Court to remand this action to the Superior Court so that their motion for leave to amend and motion for reconsideration may be heard. Plaintiffs contend that by removing the action from the Superior Court before the time period had run for a motion for reconsideration, Allstate sought to "usurp Plaintiffs' rights by denying them an opportunity to defeat diversity." Motion to Remand, at 4. In other words, Plaintiffs maintain that Allstate's removal was premature. Although Plaintiffs do not cite any authority holding that removal is prohibited prior to the expiration of the time period for filing of a motion for reconsideration, Plaintiffs argue that in order for removal to occur, diversity must exist at the time the action was commenced and at the time of removal. *Id*., at 3 (citing *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2nd Cir. 1994)). Thus, Plaintiffs imply that removal is inappropriate in this case, given that complete diversity did not exist at the time the action was commenced in the Superior Court.

Although their general statement of the law is correct, Plaintiffs fail to discuss the exception set forth in 28 U.S.C. § 1446(b), which states in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). While this section initially appears to permit Allstate's removal, an examination of cases construing § 1446(b) cast doubt upon its applicability in the present context. Under the traditional rule, only a voluntary act of the plaintiff justifies removal of an action not initially removable, such as in the case of a settlement or stipulation of dismissal. *See Whitcomb v. Smithson*, 175 U.S. 635, 638 (1900) (holding that a ruling on the merits, adverse to plaintiff and without his assent did not render the case removable). This traditional rule serves to "promote judicial efficiency by 'prevent[ing] removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts.'" *Self v.*

4

Case No. C 05-03178-JF
ORDER (1) GRANTING DEFENDANT MICHAEL ROMERO'S MOTION TO STRIKE; AND (2) DENYING PLAINTIFFS' MOTION FOR REMAND
(JFEX1)

*General Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1979) (quoting *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)). There is some dispute as to whether the traditional rule survives, given the statement in § 1446(b) that removal is permitted after receipt of an "order" from which the case is or has become removable. However, the majority of courts, including the Ninth Circuit, have concluded that voluntary abandonment of a claim is required in order to remove a case under § 1446(b). *See Self*, 588 F.2d 655; *Insigna v. LaBella*, 845 F.2d 249 (11th Cir. 1988); *DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir. 1979); *see also* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3723 n.22 (3d ed. 1998). In light of the foregoing authorities and the undisputed fact that Romero was dismissed from the Superior Court case on a contested demurrer, Allstate's notice of removal arguably was not authorized by statute.

**3. *Fraudulent Joinder***

Nonetheless, the Court concludes that removal is appropriate on the alternate ground of fraudulent joinder. "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Plaintiffs' FAC alleges that Romero, an "authorized agent" for Allstate, was "acting within the scope of [his] authority" when he made the purported misrepresentations to Plaintiffs. FAC, ¶ 4. Under California law, it is "well established" that an insurance agent has no liability for acts undertaken within the scope of his or her agency. *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003); *see also Icasiano v. Allstate Ins. Co.*, 103 F. Supp. 2d 1187, 1189-90 (N.D. Cal. 2000); *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807-09 (N.D. Cal. 1998); *Charlin v. Allstate Ins. Co.*, 19 F. Supp. 2d 1137, 1142 (C.D. Cal. 1998); *Gasnick v. State Farm Ins. Co.*, 825 F. Supp. 245, 249 (E.D. Cal. 1992). In light of these authorities, Plaintiffs' attempt to amend its Complaint in order to state new causes of action

///

///

5

Case No. C 05-03178-JF
ORDER (1) GRANTING DEFENDANT MICHAEL ROMERO'S MOTION TO STRIKE; AND (2) DENYING PLAINTIFFS' MOTION FOR REMAND
(JFEX1)

against Romero for fraud and negligent misrepresentation was futile.[5] The Court concludes that such failure is obvious according to settled legal principles, and accordingly that Plaintiffs' inclusion of Romero as a defendant was fraudulent.

**B. Motion to Strike**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation. *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Allegations "supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *Id.* Moreover, allegations that contribute to a full understanding of the complaint as a whole need not be stricken. *Id.*

As described above, the Superior Court sustained Romero's demurrers without leave to amend, expressly dismissing the Complaint in its entirety as to Romero. In defiance of the court's Order, Plaintiffs subsequently filed a FAC alleging new claims against Romero for fraud and negligent misrepresentation. Because these new claims were expressly prohibited by the court and were filed in violation of California law, the FAC is a nullity as to Romero. Accordingly, Romero's motion to strike is granted.

///

///

///

---

[5] Plaintiffs cite two cases which purportedly hold that an insurance agent may be held personally liable for acts committed within the scope of her agency. However, these cases are clearly distinguishable. In *Barbara L. McNeill v. State Farm Life Ins. Co.*, 116 Cal. App. 4th 597 (2004), the court relied upon an important factual distinction, noting the "present complaint's indication of a long-term relationship between [the agent] and plaintiff." *Id.* at 603. Likewise, in *Doctor's Co. v. Superior Court*, 49 Cal. 3d 39 (1989), the plaintiff sought to impose liability upon various agents of the insurance company for engaging in an alleged conspiracy to violate California Insurance Code § 790.03. In the instant action, Plaintiffs have not alleged a conspiracy to commit fraud or negligent representation.

6

Case No. C 05-03178-JF
ORDER (1) GRANTING DEFENDANT MICHAEL ROMERO'S MOTION TO STRIKE; AND (2) DENYING PLAINTIFFS' MOTION FOR REMAND
(JFEX1)

## III. ORDER

(1) Defendant Romero's motion to strike Plaintiffs' fourth and fifth causes of action is GRANTED; and

(2) Plaintiffs' motion for remand is DENIED.

DATED: November 2, 2005

    /s/ electronic signature authorized
JEREMY FOGEL
United States District Judge

7

Case No. C 05-03178-JF
ORDER (1) GRANTING DEFENDANT MICHAEL ROMERO'S MOTION TO STRIKE; AND (2) DENYING PLAINTIFFS' MOTION FOR REMAND
(JFEX1)

This Order has been served upon the following persons:

Counsel for Plaintiffs

johnshepardson@hotmail.com

Counsel for Defendants

mbarnes@sonnenschein.com

smartin@sonnenschein.com

jwoelfel@sonnenschein.com

8

Case No. C 05-03178-JF
ORDER (1) GRANTING DEFENDANT MICHAEL ROMERO'S MOTION TO STRIKE; AND (2) DENYING PLAINTIFFS' MOTION FOR REMAND
(JFEX1)