**E-Filed 9/6/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO CECENA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, et al., <br><br> Defendants. | Case Number C 05-03178 JF <br><br> ORDER[1] GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND[2] AMENDED COMPLAINT <br><br> [re: docket no. 38] |

Plaintiffs Eduardo Cecena and Maria Cecena move for leave to file an amended complaint. Defendant Allstate Insurance Company ("Allstate") opposes the motion. The Court heard oral argument on September 1, 2006. For the reasons set forth below, the motion will be granted in part and denied in part.

---

[1] This disposition is not designated for publication and may not be cited.

[2] Because Plaintiffs' previously filed a first amended complaint, the Court construes the instant motion as seeking leave to file a second amended complaint.

Case No. C 05-03178 JF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFEX1)

# I. BACKGROUND

On February 15, 2005, Plaintiffs filed suit in the San Benito Superior Court against Allstate, Michael Romero ("Romero"), and Does One through One-Hundred, alleging claims for breach of contract, bad faith and negligence.[3] *See* San Benito Superior Court Case No. CU-05-00019; *see also* Complaint, ¶¶ 6-15. Plaintiffs' claims stem from Allstate's alleged failure timely to timely pay benefits owed to Plaintiffs under a homeowner's insurance policy when Plaintiffs' home sustained fire damage. Complaint, ¶¶ 8, 12. In addition, Plaintiffs allege that Romero, the Allstate sales agent who serviced Plaintiffs' policy, negligently breached his duty to advise Plaintiffs of the coverage requirements for their home. *Id.*, ¶ 14. On June 2, 2005, Defendants separately demurred to the complaint. On July 14, 2005, the superior court sustained Allstate's demurrer with leave to amend and sustained Romero's demurrer without leave to amend, expressly dismissing the complaint in its entirety as to Romero. Notice of entry of the superior court's order was filed by Defendants on July 25, 2005.

On July 26, 2005, Plaintiffs filed a first amended complaint ("FAC") in the superior court. Plaintiffs again named Romero as a defendant, alleging new claims against him for fraud and negligent misrepresentation. *See* FAC, ¶¶ 29-44. Plaintiffs acknowledged that "[t]echnically, [they] should have sought Leave to Amend from the court" before filing the new claims against Romero. Motion to Remand, at 2. Nonetheless, Plaintiffs maintained that their intent in including new claims was to "save judicial resources." *Id*. On August 5, 2005, Allstate removed the action to this Court pursuant to 28 U.S.C. § 1441(a). On August 16, 2005, Romero moved to strike the FAC as to the claims brought against him, and Plaintiffs moved for remand. On November 2, 2005, this Court issued an Order granting Romero's motion to strike and denying Plaintiffs' motion for remand.

A settlement conference was held between the parties on March 1, 2006 before

---

[3] Plaintiffs are, and for all relevant times have been, residents of the State of California. Allstate is, and for all relevant times has been, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois. Romero is, and for all relevant times has been, a resident of the State of California.

2

Case No. C 05-03178 JF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFEX1)

1  Magistrate Judge Howard R. Lloyd.  The case did not settle.  Fact discovery in this case is set to
2  close on October 6, 2006, and a jury trial is scheduled for January 12, 2007.
3      On June 26, 2006, Plaintiffs filed the instant motion for leave to file a second amended
4  complaint.  Plaintiffs' allege eleven additional claims for relief in their proposed amended
5  complaint.  Plaintiffs' Points & Authorities in Support of Motion for Leave to File a First
6  Amended Complaint, Ex. A (hereinafter "SAC").  As noted above, Plaintiffs' FAC asserted
7  claims for (1) breach of contract, (2) bad faith, (3) promissory fraud, (4) fraud, and (5) negligent
8  misrepresentation.[4]  Plaintiffs' proposed amended complaint asserts the following claims for
9  relief: (1) breach of contract, (2) bad faith: policy sale, (3) bad faith: claims adjusting, (4)
10 negligence, (5) violation of Business and Professions Code § 17200, (6) fraud and conspiracy, (7)
11 deceit, (8) promissory fraud, (9) negligent misrepresentation, (10) violations of California
12 Insurance Code §§ 10102-10103, (11) violation of the Consumers Legal Remedies Act, (12)
13 violation of the Elder Abuse and Dependent Adult Civil Protection Act, (13) violation of the
14 Unruh Civil Rights Act, and (14) violations of California Insurance Code §§ 790.02 & 790.025.
15 *Id.*  Plaintiffs contend that they have amended their complaint as a result of "facts acquired
16 and/or understood in discovery, and research into additional legal theories."  SAC, 2.  Plaintiffs
17 allege that such facts include Allstate's use of sales prices in calculating the actual cash value
18 ("ACV") amount of damaged personal property, exclusion of shipping charges from the ACV
19 amount, and refusal to pay for Plaintiffs' damaged old redwood.  *Id.* at Ex. A.
20
21              **II. DISCUSSION**
22      Motions for leave to amend are governed by Federal Rule of Civil Procedure 15(a), which
23 provides that "leave shall be freely given when justice so requires."  In deciding whether to grant
24 leave to amend, the Court will consider several factors, including: (1) undue delay by the party
25 seeking the amendment; (2) prejudice to the opposing party; (3) bad faith; (4) futility of
26
27
28      [4] Claims four and five were dismissed by this Court in its Order dated November 2, 2005.

3

amendment; and (5) whether the party previously has amended its pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Court has discretion in deciding whether to grant leave to amend, but it "'must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the policy of granting leave to amend is to be applied with extreme liberality. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting that inferences should be drawn "in favor of granting the motion").

**A. Undue Delay**

Allstate contends that the Plaintiffs have delayed unduly bringing this motion. An amending party's delay in seeking to amend its pleadings is not, by itself, sufficient to justify denying a motion for leave to amend. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001). Courts are more willing to conclude that delay is prejudicial when facts were previously available and no reason is given for their exclusion from antecedent complaints. *Chodos v. W. Pub. Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002). Plaintiffs assert that they engaged in discovery during the months of March, April and May from which they learned facts that were not previously available to them, including the specific details of Allstate's ACV calculations. As a general matter, the Court concludes that Plaintiffs have offered sufficient reasons for the timing of their motion to amend

**B. Bad Faith**

Bad faith is another factor to be considered when evaluating whether to grant leave to amend. *Bonin*, 59 F.3d at 845. Bad faith often is another aspect of undue delay. *See Swanson v. Babbitt*, 3 F.3d 1348, 1354 (9th Cir. 1993) (noting that a deliberate design to delay constitutes bad faith); *see also United States v. Beamon*, 992 F.2d 1009, 1013 (9th Cir. 1993) (noting that in cases of bad faith, the reasons for delay may well control). The timing of a request to amend when considered in light of the reasons offered for the delay in seeking the request may disclose

4

Case No. C 05-03178 JF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFEX1)

that the moving party merely is seeking to delay proceedings. *Id.*; *See also Zivkovic v. S.Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (noting prejudicial undue delay when the motion to amend was filed three days prior to the close of discovery). In the instant case, because five additional weeks of discovery remain as of the hearing date and Plaintiffs' have offered a reasonable explanation for their delay in filing the motion, there is no evidence that the Plaintiffs have acted in bad faith.

### C. Undue Prejudice

Undue prejudice to the opposing party is given the greatest weight in evaluating a motion for leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice may exist if the amendment will result in significant delays in the resolution of the dispute because the addition of new claims will increase the scope and complexity of the litigation or because the amendment will require the court to reopen discovery. *See In re Fritz Companies Securities Litigation*, 282 F.Supp. 2d 1105, 1109 (N.D. Cal. 2003). Nonetheless, absent a showing of prejudice by the opposing party, or a strong demonstration of any of the remaining factors, there is a presumption in favor of granting leave to amend. *Eminence*, 316 F.3d at 1052.

Allstate argues that it will be prejudiced if the Plaintiffs are permitted to amend their complaint because discovery is scheduled to close on October 6, 2006, thereby resulting in only five weeks of fact discovery after this Court hears oral argument on the instant motion. Allstate also contends that it will take at least five weeks for a Rule 12(b)(6) motion with respect to the new claims to be filed and heard, meaning that there will be no operative complaint on file at the time discovery closes. Plaintiffs respond that Allstate has been aware of the proposed amended complaint for the past sixty days and thus has had time to establish defenses to the new claims and to engage in further discovery. Additionally, because discovery will remain open for five weeks, the Court would not be required to reopen discovery if it were to grant Plaintiffs' motion. Because a number of the additional claims in the proposed amended complaint are based upon facts previously alleged by Plaintiffs, as supplemented with specific additional facts learned in

5

Case No. C 05-03178 JF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFEX1)

discovery, the Court concludes that Allstate will not be unduly prejudiced if some of the claims are allowed to proceed. At the same time, some of Plaintiffs' proposed new claims, such as claim twelve for violation of the Elder Abuse and Dependent Adult Civil Protection Act and proposed claim thirteen for violation of the Unruh Civil Rights Act would greatly increase the scope and complexity of the litigation and would require extensive additional discovery, thereby prejudicing Allstate. Accordingly, leave to amend will not be granted as to those claims.

### D. Futility and Previous Amendments

The general rule that parties are allowed to amend their pleadings does not apply to actions in which the amendment would be an exercise in futility, or in which the amended complaint would also be subject to dismissal. *Fritz*, 282 F.Supp. 2d at 1111 (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1297 (9th Cir. 1998)). The court's discretion to deny amendment as futile is particularly broad when the plaintiff has been given leave to amend previously. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004). A proposed amendment is futile if it fails to state a claim under the principles employed by the court when deciding a Rule 12(b)(6) motion to dismiss. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 650 (9th Cir. 1984). A claim may be dismissed pursuant to Rule 12(b)(6) if it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support cognizable legal claims. *SmileCare Dental Group v. Delta Dental Plan of Cal.*, 88 F.3d 780, 782 (9th Cir. 1996).

Allstate argues that all of Plaintiffs' proposed amendments are futile. For the reasons set forth below, the Court finds that five of Plaintiffs' proposed claims for relief are futile because they fail to state a claim upon which relief may be granted.

As noted above, Plaintiffs filed a FAC in San Benito Superior Court asserting claims against Romero, a defendant who previously had been dismissed from the case with prejudice. In its November 2, 2005 Order granting Romero's motion to strike, this Court held that Plaintiffs had defied the superior court's orders by filing a FAC alleging new claims against Romero for fraud and negligent misrepresentation, and that these claims had been expressly prohibited by the

6

Case No. C 05-03178 JF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFEX1)

1  state court. Nonetheless, Plaintiffs' again allege two claims for relief against Romero. The sixth
2  claim alleges that Romero committed fraud and conspiracy and the ninth claim alleges negligent
3  misrepresentation by Romero. Because these two claims are substantially similar to the claims
4  that this Court and the state court dismissed previously, they may not be revived here.

5       Allstate contends that Plaintiffs' proposed claim eleven for violation of the Consumers
6  Legal Remedies Act ("CLRA") is futile because California cases have held that insurance is
7  neither a good nor a service. This Court agrees. Because Plaintiffs cannot maintain a claim
8  under the CLRA, leave to amend will be denied as to claim eleven.

9       Allstate contends further that Plaintiffs' proposed fraud claims fail to satisfy Federal Rule
10  of Civil Procedure 9(b) which requires a party to plead fraud with particularity. Plaintiffs'
11  proposed seventh claim for deceit and the proposed eighth claim for promissory fraud must meet
12  this heightened pleading standard.[5]  *Miscellaneous Serv. Workers Local # 427 v. Philco-Ford*
13  *Corp.*, 661 F.2d 776, 782 (9th Cir. 1981) (noting that Rule 9 requires a plaintiff averring fraud or
14  deceit to state the circumstances constituting such fraud with particularity). Reference in
15  pleadings to circumstances constituting fraud usually requires the claimant to allege at minimum
16  the identity of the person who made the fraudulent statement, and the time, place and content of
17  the misrepresentation. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994)
18  *abrogation on other grounds recognized by* 253 F.3d 423, 429 (9th Cir. 2001). In their proposed
19  seventh claim for deceit, Plaintiffs allege that "Allstate concealed from Plaintiffs the nature and
20  extent of ALE benefits owed, and the fact that if they were entitled to be reimbursed for
21  engineering and architectural fees." SAC, 21. This allegation does not plead deceit with
22  sufficient particularity. The proposed eighth claim for promissory fraud alleges that "Allstate
23  issued a policy, and in doing so, impliedly represented its willingness to pay for covered damages
24  arising from a fire to their home. The true facts were that Allstate had no intention of fully
25  paying benefits to Plaintiffs." SAC, 21-22. This allegation also fails to plead fraud with

---

[5] In light of the preceding discussion, the Court need not address whether proposed claim six for fraud and conspiracy and proposed claim nine for negligent misrepresentation also fail to meet the Rule 9 standard.

7

Case No. C 05-03178 JF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFEX1)

sufficient particularity. In light of the impending close of discovery, leave to amend these claims in Plaintiffs' amended complaint will be denied.

As to the remaining claims in the proposed amended complaint, Allstate contends that Plaintiff's new allegations are not supported by actual evidence obtained during discovery. As the motion at issue is for leave to file an amended complaint, it is inappropriate for the Court to weigh evidence. In determining whether Plaintiffs' amendments are futile, the Court must assume the truth of the material facts as alleged in the complaint. *Jackson v. Birmingham Bd. of Educ.*, 125 S.Ct. 1497, 1502-03 (2005) (evaluating a dismissal under Rule 12(b)(6)); *see also Jones*, 733 F.2d at 650 (holding that the Rule 12(b)(6) standard is to be employed in determining the futility of a Rule 15(a) amendment).

For reasons state above the Court will exercise its discretion and grant Plaintiffs' motion for leave to file an amended complaint with regard to the proposed second (bad faith: policy sale), fourth (negligence), fifth (violation of Business & Professions Code § 17200), tenth (violations of California Insurance Code §§ 10102-10103) and fourteenth (violations of California Insurance Code §§ 790.02 & 790.025) claims for relief. With respect to the nine remaining claims for relief, the Court will deny Plaintiffs' motion for leave to file an amended complaint.

### III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion for leave to file an amended complaint is GRANTED IN PART and DENIED IN PART as set forth above.

DATED: September 6, 2006

JEREMY FOGEL
United States District Judge

Case No. C 05-03178 JF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFEX1)

1   This Order has been served upon the following persons:

3   Michael A. Barnes       mbarnes@sonnenschein.com, msaplala@sonnenschein.com

4   Sonia Renee Martin      smartin@sonnenschein.com, clakes@sonnenschein.com;
5           msaplala@sonnenschein.com

7   John A. Shepardson      johnshepardson@hotmail.com

8   Jessica Lou Woelfel     jwoelfel@sonnenschein.com

9

Case No. C 05-03178 JF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT
(JFEX1)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10

Case No. C 05-03178 JF
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
(JFEX1)