**\*E-FILED ON 11/09/2006\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO CECENA and MARIA CECENA,<br><br>     Plaintiffs,<br>   v.<br><br>ALLSTATE INSURANCE COMPANY and DOES 1-100,<br><br>     Defendants. | No. C05-03178 JF (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' "MOTION TO COMPEL ALLSTATE TO PRODUCE DOCUMENTS FOR MARIA CECENA'S DOCUMENT REQUEST NO. 2"**<br><br>**[Re: Docket No. 53]** |

This insurance action, based on the court's diversity jurisdiction, stems from a fire that damaged plaintiffs' home on December 14, 2003. At the time of the fire, their home was insured under a homeowners policy issued by defendant Allstate Insurance Company ("Allstate"). In this lawsuit, plaintiffs allege that Allstate handled their claim in bad faith and has not made full or timely payment of benefits owed under their policy.

Presently before this court is plaintiffs' "Motion to Compel Allstate to Produce Documents for Maria Cecena's Document Request No. 2." Allstate opposes the motion. Upon consideration of the papers filed by the parties,[1] as well as the arguments made at the November 7, 2006 hearing, the court issues the following order.

---

[1] Plaintiffs' request to belatedly file their reply papers is granted. Generally, this court does not condone the failure to make timely filings. Nevertheless, here, most of plaintiffs' papers were timely submitted, with the exception of a few reply briefs which were filed just after the midnight filing deadline and some exhibits which were filed the following afternoon. There has been no prejudice to Allstate by the delay.

1.      With respect to Document Request No. 1, plaintiffs seek "complete copies of the Claims Core Process Review ('CCPR') program in effect from 12/14/03 to 3/1/06." (See Shepardson Decl., Ex. 6 at p. 3). According to plaintiffs, the CCPR documents comprise Allstate's business plans and strategies for claims handling and are, therefore, relevant to their claims of bad faith and for punitive damages.[2] Allstate asserts that it has already produced a copy of its "Claims Manual: Policy, Practices, Procedures" which was in effect during the period when plaintiffs' claim was handled (i.e., December 2003 through May 2005). It argues that plaintiffs have failed to show that they are entitled to any further documents as to Allstate's claim adjusting practices, and further objects to the terms "Claims Core Process Review" and "program" as vague and ambiguous. Indeed, in its opposition papers, Allstate asserted that it "has no idea what documents it would be searching for." (Opp. at 11:19). However, at oral argument, defense counsel acknowledged that Allstate does possess "Claims Core Process Review" documents for the various types of insurance policies it sells, including a section on "property and casualty" claims.

This court agrees that the CCPR documents are relevant or reasonably calculated to lead to the discovery of admissible evidence inasmuch as they may contain information that bears upon Allstate's claims adjusting practices or policies. However, as drafted, Request No. 1 is overbroad. Accordingly, plaintiffs' motion as to this request is GRANTED, but only as to the CCPR documents in effect for the period December 2003 through May 2005 and which pertain to property and casualty claims. The motion as to this request is otherwise DENIED.

2.      In Document Request No. 2, plaintiffs seek "[a]ll documents in effect from 12/14/03 to 3/1/06 referring or relating to claims goals to pay property claims within the lowest 10% of the historical base range of similar claims." (See Shepardson Decl., Ex. 6 at p. 3). Plaintiffs' counsel stated that this request is based upon (unspecified) materials which purportedly indicate that Allstate has a goal or objective of adjusting property claims within the lowest percentile of the payout on similar past claims. Allstate asserted a litany of objections to

---

[2]     Plaintiffs reportedly attached to their request an exhibit describing the CCPR documents. However, that document was not presented to this court on the instant motion.

2

this request, including that it is vague, ambiguous and burdensome.  Further, Allstate contends that it is unable to respond to this request because plaintiffs fail to identify the types of documents they seek.  At the hearing, however, Allstate's counsel represented to the court that she has conducted a diligent inquiry of relevant persons at Allstate and is not aware that Allstate has any such goal or objective.

As drafted, Request No. 2 is vague and ambiguous as to the types of documents being requested and overbroad as to the relevant time period.  Nevertheless, this court concludes that the request reasonably can be read as seeking national and regional (that is, Northern California) policies, manuals, rules, guidelines or memoranda in effect between December 2003 and May 2005 which refer to, relate to, amend, clarify, amplify or interpret any Allstate policy, practice, goal, or objective of making property claim payments within the lowest 10% of the payout on similar past property claims.  Such information is relevant or reasonably calculated to lead to the discovery of admissible evidence as to plaintiffs' claim that Allstate acted in bad faith and underpaid benefits owed under their policy.  To the extent Allstate contends that, after conducting a diligent inquiry and reasonable search, it has no such goal or objective (or any documents responsive to the request as clarified by this court), it shall submit by **November 20, 2006** affidavit(s) from corporate officer(s) with requisite authority and knowledge so attesting.  Otherwise, Allstate shall produce all non-privileged documents responsive to this request (as clarified by the court) **no later than November 20, 2006**.

3. With respect to Request No. 3, plaintiffs seek "[a]ll documents in effect from 12/14/03 and 3/1/06 regarding Allstate's objective to 'win every claim.'"  (See Shepardson Decl., Ex. 6 at p. 4).  Plaintiffs' counsel asserts that this request is based upon an adjuster's website commentary that allegedly summarizes the Claims Core Process Review and Allstate's claims practices.  At the motion hearing, plaintiffs indicated that they wish to ascertain whether or not Allstate has a corporate objective to "win every claim."  Allstate argues that this request is vague and ambiguous, overbroad and burdensome and says that it does not know what material the request purports to quote.

3

1    This court agrees that Request No. 3 is overbroad, vague and ambiguous. Its
2 attempts at the hearing to obtain clarification from plaintiffs met only limited success.
3 Nevertheless, Allstate's counsel represented to the court that she conducted a diligent inquiry of
4 relevant persons at Allstate and that there is no goal, objective, or policy at Allstate which is
5 named "win every claim" – either at the national level or in the Northern California region. If
6 so, then there is nothing that the court would order produced. Accordingly, **no later than**
7 **November 20, 2006**, Allstate shall submit affidavit(s) from appropriate corporate officer(s)
8 with requisite authority and knowledge so attesting.

9    4.   Document Request No. 4 seeks "[a]ll documents in effect from 12/14/03 to
10 3/1/06 regarding Allstate's procedures for reviewing the performance of its property claims
11 adjusters. (See Exhibit reference to such procedures). The documents need not be filled out, so
12 privacy rights of particular adjusters is not an issue." (See Shepardson Decl., Ex. 6 at p. 4).
13 Plaintiffs state that they are moving to compel the production of a blank performance review
14 form for Allstate's adjusters. Plaintiffs' motion as to this request is GRANTED insofar as
15 Allstate agreed, in its June 8, 2006 discovery response, to produce "a blank (specimen) copy of
16 its performance development summary used during the pendency of plaintiffs' claim for claim
17 adjusters in the office that handled that claim." (Shepardson Decl., Ex. 6 at p. 4-5). Because
18 Allstate has not yet done so, it shall produce the promised documentation **forthwith**.

19    IT IS SO ORDERED.

20 Dated:  November 9, 2006

21
22    HOWARD R. LLOYD
      UNITED STATES MAGISTRATE JUDGE

4

**5:05-cv-3178 Notice will be electronically mailed to:**

Michael A. Barnes mbarnes@sonnenschein.com, msaplala@sonnenschein.com

Sonia Renee Martin smartin@sonnenschein.com, clakes@sonnenschein.com; msaplala@sonnenschein.com

John A. Shepardson johnshepardson@hotmail.com

Jessica Lou Woelfel jwoelfel@sonnenschein.com, ddonner@sonnenschein.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.