*E-FILED ON 11/09/2006*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

EDUARDO CECENA and MARIA CECENA,

           Plaintiffs,

  v.

ALLSTATE INSURANCE COMPANY and
DOES 1-100,

           Defendants.

_____/

No. C05-03178 JF (HRL)

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
"MOTION TO COMPEL PMK
DEPOSITION DOCUMENTS"**

**[Re: Docket No. 54]**

United States District Court
For the Northern District of California

      This insurance action, based on the court's diversity jurisdiction, stems from a fire that damaged plaintiffs' home on December 14, 2003.  At the time of the fire, their home was insured under a homeowners policy issued by defendant Allstate Insurance Company ("Allstate").  In this lawsuit, plaintiffs allege that Allstate handled their claim in bad faith and has not made full payment of benefits under their policy.

      Presently before this court is plaintiffs' "Motion to Compel PMK Documents."  Allstate opposes the motion.  Upon consideration of the papers filed by the parties,[1] as well as the arguments made at the November 7, 2006 hearing, the court issues the following order.

---

      [1]    Plaintiffs' request to belatedly file their reply papers is granted.  Generally, this court does not condone the failure to make timely filings.  Nevertheless, here, most of plaintiffs' papers were timely submitted, with the exception of a few reply briefs which were filed just after the midnight filing deadline and some exhibits which were filed the following afternoon.  There has been no prejudice to Allstate by the delay.

**United States District Court**
For the Northern District of California

1.      Preliminarily, Allstate argues that the instant motion should be denied because plaintiffs failed to meet-and-confer about Document Request Nos. 14 and 31-35 beforehand. There apparently is no dispute that counsel met-and-conferred about the categories of testimony listed in plaintiffs' Fed.R.Civ.P. 30(b)(6) deposition notice,[2] and further agreed that the discussion would apply equally to related categories of documents requested in that notice. Allstate nevertheless contends that the document requests are much broader than the categories of testimony; and, indeed, it appears that the parties did not specifically discuss Request Nos. 14 and 31-35.  Nevertheless, Allstate maintains that its objections as to all disputed requests are proper, and it appears that further meet-and-confer negotiations now will not resolve the parties' discovery dispute.  Accordingly, this court declines to deny the instant motion for plaintiffs' failure to meet/confer on all issues.  However, plaintiffs' counsel is reminded that parties are required to meet-and-confer on all issues before seeking judicial intervention.  See CIV. L.R. 37-1(a) ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP37, counsel have previously conferred for the purpose of attempting to resolve all disputes.").

2.      With respect to Document Request Nos. 7, 31, 34 and 35, plaintiffs say that they seek documents *other* than Allstate's "official" policy manual (e.g., internal memoranda, notices, or notes) which may show Allstate's policy or practice in handling claims.  (See Shepardson Decl., Ex. 7 at pp. 10, 19-20).  Allstate argues that these requests are vague and ambiguous, unintelligible, overbroad and unduly burdensome.  Further, Allstate objects that these requests seek irrelevant information, as well as information protected by the attorney-client privilege and work product doctrine.  In any event, Allstate says that it has produced its "Claims Manual: Policy, Practices, Procedures" that was in effect when plaintiffs' claim was handled and argues that plaintiffs have not shown that any other documents exist, much less that they are entitled to further discovery of Allstate's procedures.

---

[2]      Plaintiffs' deposition notice was not designated as such, but it appears that they sought testimony of Allstate pursuant to Fed.R.Civ.P. 30(b)(6), which requires an entity to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . .."

**United States District Court**
For the Northern District of California

1    Documents other than Allstate's "Claims Manual: Policy, Practices, Procedures"

2  or its "Claims Core Process Review" documents (if any) which bear upon Allstate's practices in

3  handling claims are relevant or reasonably calculated to lead to the discovery of admissible

4  evidence inasmuch as they may contain information about policies or practices that were

5  applied in the handling of plaintiffs' property claim.  However, these requests are vague and

6  ambiguous as to the types of documents being sought.  They are also overbroad as to time.

7  Moreover, certain requests seek information that has no apparent relation to the claims at issue

8  in this lawsuit.  For example, Request No. 35 seeks a host of documents from January 1, 2000 to

9  April 2002 (well before the fire in question occurred), including "[c]omplaints regarding ALE

10  regarding Southern California wildfires."  Accordingly, plaintiffs' motion as to these requests is

11  GRANTED IN PART and DENIED IN PART as follows:

12    With respect to Document Request No. 7 ("[a]ll writings about loss management

13  procedures implemented in 2001 to the present that pertain to homeowner's insurance claims"),

14  **no later than November 20, 2006**, Allstate shall produce all policies, manuals, rules,

15  guidelines or memoranda *other* than its "Claims Core Process Review" documents and its

16  "Claims Manual: Policy, Practices, Procedures" which refer to, relate to, amend, clarify,

17  amplify or interpret any Allstate policy, practice, goals, or objectives as to its loss management

18  procedures pertaining to homeowners' insurance claims.  The request shall be limited to those

19  documents in effect between December 2003 and May 2005.  If, after conducting a diligent

20  inquiry and reasonable search, Allstate has no documents responsive to the request (as clarified

21  by this court), it shall submit by **November 20, 2006** affidavit(s) from corporate officer(s) with

22  requisite authority and knowledge so attesting.

23    As for Document Request Nos. 31, 34 and 35, **no later than November 20,**

24  **2006**, Allstate shall produce any Northern California policies, manuals, rules, guidelines or

25  memoranda *other* than its "Claims Core Process Review" documents and its "Claims Manual:

26  Policy, Practices, Procedures" which refer to, relate to, amend, clarify, amplify or interpret any

27  Allstate policy, practice, goals, or objectives as to its claim adjustment procedures for

28  homeowners claims (including procedures for handling contents claims, adjusting fire claims

3

1    and determining home replacement cost).  These requests shall be limited to documents in effect

2    between December 2003 and May 2005.  If, after conducting a diligent inquiry and reasonable

3    search, Allstate has no documents responsive to the request (as clarified by this court), it shall

4    submit by **November 20, 2006** affidavit(s) from corporate officer(s) with requisite authority and

5    knowledge so attesting.

6                    Plaintiffs' motion as to these requests is otherwise DENIED.

7            3.       Plaintiffs move for an order compelling Allstate to produce (a) "[a]ll writings

8    about the incentive compensation plans for Allstate personnel involved in homeowner's claims

9    handling, including and not limited to mangers, supervisors, regional managers, district

10   managers, and field and office adjusters" (Document Request No. 9); and (b) "writings about

11   employment financial incentives" for Catherine Smith, Steve Bryan, Hubert Chappell, Kim

12   Beardon, Bob Purdy, and all "claims managers responsible for Northern California

13   homeowners."  (Request Nos. 16, 17, 19, 21, 23 and 26).  (See Shepardson Decl., Ex. 7 at pp.

14   10, 13-17).  Plaintiffs generally assert that these documents are relevant to show whether

15   Allstate has a company-wide practice of using financial incentives to encourage its employees

16   to underpay claims.  Allstate objects to these requests on several grounds, including that they

17   are vague, ambiguous, unintelligible, overbroad, burdensome, lack foundation and seek

18   irrelevant documents.  It argues that plaintiffs have not presented any evidence suggesting that

19   Allstate provided financial incentives to its various employees.  Even if they had, Allstate

20   contends that plaintiffs have provided no authority for the requested access to the private and

21   confidential information of its employees.

22                    In essence, plaintiffs seek personnel information about the various named

23   individuals, as well as for all claims managers responsible for handling homeowners claims (on

24   a regional and nationwide basis).  Generally, even if personnel records are relevant, discovery

25   of such files is permitted only upon a showing of "compelling need."  See Bd. of Trustees v.

26   Super. Ct., 119 Cal. App.3d 516, 525, 174 Cal. Rptr. 160, 164 (1981) ("And even when

27   discovery of private information is found directly relevant to the issues of ongoing litigation, it

28   will not be automatically allowed; there must then be a careful balancing of the compelling

United States District Court

For the Northern District of California

4

United States District Court

For the Northern District of California

1   public need for discovery against the fundamental right of privacy.") (internal quotations and

2   citations omitted).  Moreover, a "court should first examine the file in camera and order

3   disclosure of only that information which might be relevant to the lawsuit." El Dorado Savings

4   & Loan Ass'n v. Super. Ct., 190 Cal. App.3d 342, 346, 235 Cal. Rptr. 303, 305 (1987).

5           Plaintiffs' motion as to these requests is GRANTED IN PART AND DENIED

6   IN PART as follows:

7           Plaintiffs' request for access to the requested financial information of the various

8   identified individuals is DENIED.  They have not shown a "compelling need" for discovery of

9   such information.  Nevertheless, this court concludes that plaintiffs are entitled to explore,

10  generally, whether Allstate offers financial incentives to its managerial employees.

11  Accordingly, plaintiffs' motion is GRANTED IN PART only to the following extent: **no later**

12  **than November 20, 2006**, Allstate shall produce all documents indicating whether Allstate

13  offers financial incentives to its Northern California mangers and supervisors (i.e., those ranks

14  of employees above claims adjusters).  If, after conducting a diligent inquiry and reasonable

15  search, Allstate has no documents responsive to the request (as clarified by this court), it shall

16  submit by **November 20, 2006** affidavit(s) from corporate officer(s) with requisite authority and

17  knowledge so attesting.

18          4.      For the same reasons stated above in connection with plaintiffs' requests for

19  financial incentive documents, plaintiffs' motion to compel the production of performance

20  reviews for Catherine Smith, Hubert Chappell, Kim Beardon, Bob Purdy, the "V.P. of Claims,"

21  and all "claims managers responsible for Northern California homeowners" (Request Nos. 15,

22  18, 20, 22, 24, 25) is DENIED.

23          5.      Request No. 14 asks Allstate to produce "[a]ll writings about corporate meeting

24  minutes regarding the claim department performance from 2001 to present."  (See Shepardson

25  Decl., Ex. 7 at p. 12).  Plaintiffs generally assert that these documents are relevant to show

26  whether Allstate has a policy of unfairly reducing the payout of claim benefits, but they have

27  failed to demonstrate that the documents are relevant or reasonably calculated to lead to the

28  discovery of admissible evidence.  Accordingly, the motion as to this request is DENIED.

6.      As for Request No. 32, plaintiffs seek "[c]omplete access to the general information contained in Allstate's website information provided exclusively to its agents and claims representatives."  (See Shepardson Decl., Ex. 7 at p. 19).  Plaintiffs generally assert that these documents are relevant to show whether Allstate has a policy of unfairly reducing the payout of claim benefits.  Allstate contends that the request is, among other things, vague, ambiguous, overbroad and unintelligible.  This request is vague, ambiguous and overbroad as to the types of documents being sought, and plaintiffs have not demonstrated that the requested documents (whatever they are) are relevant to their claims or reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, their motion as to this request is DENIED.

IT IS SO ORDERED.

Dated:   November 9, 2006

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

6

**5:05-cv-3178 Notice will be electronically mailed to:**

Michael A. Barnes mbarnes@sonnenschein.com, msaplala@sonnenschein.com

Sonia Renee Martin smartin@sonnenschein.com, clakes@sonnenschein.com; msaplala@sonnenschein.com

John A. Shepardson johnshepardson@hotmail.com

Jessica Lou Woelfel jwoelfel@sonnenschein.com, ddonner@sonnenschein.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.