**E-FILED ON 11/9/2006**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO CECENA and MARIA CECENA,<br><br>    Plaintiffs,<br>   v.<br><br>ALLSTATE INSURANCE COMPANY and DOES 1-100,<br><br>    Defendants. | No. C05-03178 JF (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' "MOTION TO COMPEL INTERROGATORY ANSWERS FROM ALLSTATE"**<br><br>**[Re: Docket No. 55]** |

This insurance action, based on the court's diversity jurisdiction, stems from a fire that damaged plaintiffs' home on December 14, 2003. At the time of the fire, their home was insured under a homeowners policy issued by defendant Allstate Insurance Company ("Allstate"). In this lawsuit, plaintiffs allege that Allstate handled their claim in bad faith and has not made full or timely payment of benefits under their policy.

On November 7, 2006, this court heard plaintiffs' "Motion to Compel Interrogatory Answers from Allstate." Allstate opposed the motion. Upon consideration of the papers filed by the parties,[1] as well as the arguments of counsel, the court issues the following order.

---

[1] Plaintiffs' request to belatedly file their reply papers is granted. Generally, this court does not condone the failure to make timely filings. Nevertheless, here, most of plaintiffs' papers were timely submitted, with the exception of a few reply briefs which were filed just after the midnight filing deadline and some exhibits which were filed the following afternoon. There has been no prejudice to Allstate by the delay.

1        1.      Preliminarily, Allstate argues that the instant motion should be denied because plaintiffs unduly delayed in filing it and therefore waived their right to compel the discovery. Here, Allstate points out that its interrogatory responses at issue were served on January 9, 2006.  Generally, discovery motions should be made within a reasonable time.  The instant motion was not filed until a few days before the October 6, 2006 discovery cutoff. Nevertheless, the court's Civil Local Rules permit parties to file discovery motions up to seven days after the discovery cutoff.  See CIV. L.R. 26-2.  As such, this court declines to deny the instant motion as untimely on a wholesale basis.  However, as discussed more fully below, certain of plaintiffs' requests will be denied as untimely insofar as the requested discovery cannot now be reasonably accomplished, and plaintiffs have not explained why they did not move for relief earlier.

2.      With respect to Interrogatory No. 11 ("State if Allstate adjusted Plaintiffs' claim in accordance with its policies and procedures"), plaintiffs' motion is DENIED as MOOT. Allstate served its answer to this interrogatory while the instant motion was being briefed.

3.      With respect to Interrogatory No. 10, plaintiffs seek "all facts regarding Mr. Bryan [sic] has ever been disciplined or reprimanded by any one at Allstate."  (See Shepardson Decl., Ex. 4 at p. 7).  Plaintiffs' motion as to this request is DENIED.  At the motion hearing, plaintiffs indicated that they would be satisfied if they were to obtain Bryan's performance reviews.  In connection with plaintiffs' discovery motion on a related document request, this court has agreed to conduct an *in camera* review of Bryan's performance reviews to determine what information ought to be produced.  (See Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Re Second Set of Requests for Documents," which is being filed concurrently with the instant order.)

4.      Interrogatory No. 22 asks Allstate to "[s]tate all facts regarding the names, address and phone numbers of other insureds who had claims adjusted by Mr. Bryan from 2002 to the present."  (See Shepardson Decl., Ex.4 at p. 11).  Plaintiffs argue that the information is relevant to their "bad faith" claims, as well as to their request for punitive damages.  Allstate

1  contends that the information is irrelevant, and that it is, in any event, prohibited from
2  disclosing the private information of other insureds without their written consent.

3  Other insureds' claim files may be relevant to show whether there have been
4  other instances of misconduct in the past by a particular claims representative and the insurer's
5  knowledge of it. See Colonial Life & Accident Ins. Co. v. Super. Ct., 31 Cal.3d 785, 790-92,
6  183 Cal. Rptr. 810, 814 (1982) ("[A] plaintiff may establish a claim by showing either that the
7  acts that harmed him were knowingly committed or were engaged in with such frequency as to
8  indicate a general business practice."). Nevertheless, before any personal information can be
9  disclosed, California law requires that non-party insureds must first give their consent to
10 disclosure in writing in response to a letter approved by the court. See CAL. INS. CODE §791.13;
11 Mead Reinsurance Co. v. Super. Ct. 188 Cal. App.3d 313, 321-22, 232 Cal. Rptr. 752, 756-57
12 (1986).

13 At this stage of the litigation, it seems that the requested discovery cannot be
14 reasonably accomplished – at least not without jeopardizing the January 7, 2007 trial.
15 Additionally, Allstate says that it has filed dispositive motions which are set to be heard, and the
16 court's docket indicates that those motions are set for hearing on December 8, 2006. Although
17 the instant motion was timely filed under Civil Local Rule 26-2, it was nonetheless filed very
18 close to the October 6, 2006 fact discovery cutoff. Indeed, at oral argument, plaintiffs' counsel
19 readily acknowledged that seeking this discovery now would not be conducive to a smooth or
20 efficient trial. (If he did get the names of other insureds and then managed to obtain their
21 written consent, he would serve subpoenas for the production of their claims files at the start of
22 trial.) The District Court's case management deadlines were set in March 2006, and plaintiffs
23 have been aware of Allstate's objections to this interrogatory as early as January 2006. There is
24 no indication that unusual circumstances beyond plaintiffs' or their counsel's control prohibited
25 them from moving to compel this discovery sooner, and plaintiffs' counsel has no explanation
26 as to why he waited until now to move for relief. Accordingly, plaintiffs' motion as to
27 Interrogatory No. 22 is DENIED.
28

3

1   IT IS SO ORDERED.
2   Dated:   November 9, 2006
3                                                  _____
                                                   HOWARD R. LLOYD
                                                   UNITED STATES MAGISTRATE JUDGE

**5:05-cv-3178 Notice will be electronically mailed to:**

Michael A. Barnes  mbarnes@sonnenschein.com, msaplala@sonnenschein.com

Sonia Renee Martin  smartin@sonnenschein.com, clakes@sonnenschein.com; msaplala@sonnenschein.com

John A. Shepardson  johnshepardson@hotmail.com

Jessica Lou Woelfel  jwoelfel@sonnenschein.com, ddonner@sonnenschein.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.