*E-FILED ON 11/9/2006*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO CECENA and MARIA CECENA, | No. C05-03178 JF (HRL) |
| Plaintiffs,<br>v. | **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PERCIPIENT WITNESS DEPOSITION** |
| ALLSTATE INSURANCE COMPANY and DOES 1-100, | **[Re: Docket No. 56]** |
| Defendants. | |

On November 7, 2006, this court heard plaintiffs' "Motion to Compel Mang Percipient Witness Deposition." Defendant Allstate Insurance Company ("Allstate") opposed the motion. Upon consideration of the moving and responding papers,[1] as well as the arguments of counsel, the court issues the following order.

This insurance action, based on the court's diversity jurisdiction, stems from a fire that damaged plaintiffs' home on December 14, 2003. At the time of the fire, their home was insured under a homeowners policy issued by Allstate. In this lawsuit, plaintiffs allege that Allstate handled their claim in bad faith and has not made full or timely payment of benefits under their policy.

---

[1] Plaintiffs' request to belatedly file their reply papers is granted. Generally, this court does not condone the failure to make timely filings. Nevertheless, here, most of plaintiffs' papers were timely submitted, with the exception of a few reply briefs which were filed just after the midnight filing deadline and some exhibits which were filed the following afternoon. There has been no prejudice to Allstate by the delay.

Plaintiffs move for an order compelling Kirk Mang, an Allstate claims representative, to appear for a deposition in his individual capacity. Allstate previously produced Mang on August 16, 2006 to testify on its behalf as to certain matters in response to plaintiffs' request for the deposition of Allstate's "person most knowledgeable." (Although plaintiffs' notice was not designated as such, it appears that they sought testimony of Allstate pursuant to Fed.R.Civ.P. 30(b)(6) which requires an entity to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . ..").  Plaintiffs say that several weeks later, upon further review of their claim file, they determined that they needed to depose Mang in his individual capacity because, among other things, he authorized payment of over $160,000 in structural repair costs.

On September 21, 2006 (i.e., a little more than two weeks before the October 6, 2006 fact discovery cutoff), plaintiffs served a notice for Mang's deposition, with the deposition to take place on October 2, 2006 in Los Gatos, California. That notice was delivered to defense counsel's old address, which had been vacated several months before. Plaintiffs' counsel says that he did not realize the error until September 28, 2006 when he called defense counsel to confirm the noticed date for Mang's deposition. The next day, plaintiffs served an amended deposition notice at defense counsel's correct address, with the deposition to take place on October 6, 2006 in Los Gatos.

Allstate's objections to the deposition are essentially twofold. First, Allstate contends that the notice is procedurally invalid because plaintiffs failed to meet-and-confer as to the scheduling of the deposition and did not serve a timely notice. Second, Allstate argues that, even if the notice was proper, Mang cannot be compelled to appear for a deposition in Los Gatos because he is a non-party who works in Santa Barbara, California.

There is no dispute that plaintiffs' counsel did not consult with defense counsel about scheduling the deposition before serving notice, as required by Civil Local Rule 30-1. Moreover, it appears that plaintiffs' counsel was perhaps careless in failing to note defense counsel's new address. However, defense counsel acknowledge that they continued to send some correspondence bearing their old address even after they had moved, and they do not

2

1 seriously dispute the assertion that they accepted other correspondence which was sent to their
2 old address.  These missteps aside, Allstate argues that plaintiffs' last minute request for
3 Mang's deposition is unreasonable.

4       A party must give "reasonable notice" of its desire to take a deposition.  FED.R.CIV.P.
5 30(b)(1).  Although ten days notice is generally considered reasonable, the determination as to
6 what constitutes "reasonable notice" is made on a case-by-case basis.  See In re Sulfuric Acid
7 Antitrust Litig., 231 F.R.D. 320, 327 (N.D. Ill. 2005).

8       As noted above (and notwithstanding Allstate's complaint that service was not made
9 until after business hours), the record presented indicates that plaintiffs' amended notice of
10 deposition was served on September 29, 2006 – seven days before the requested October 6,
11 2006 deposition date.  Plaintiffs argue that this was reasonable notice because they did not
12 know until August 16, 2006 that Allstate was going to produce Mang to testify on its behalf as a
13 "person most knowledgeable" on a couple of matters.  However, this argument fails to convince
14 insofar as plaintiffs state that their desire to depose Mang as an individual was triggered, not by
15 Mang's prior deposition testimony, but by information contained in the claim file.  Here,
16 Allstate points out that plaintiffs have known about Mang since at least December 2005 when
17 their claim file was produced.  Plaintiffs acknowledge that they had their claims file for quite
18 some time, and assert only that there were too many other issues in this case for them to realize
19 Mang's import sooner.  In any event, at oral argument, defense counsel indicated that the
20 schedules of attorneys and deponents would not have accommodated plaintiffs' belated
21 deposition notice because the depositions of other witnesses were already set for the days
22 plaintiffs sought to depose Mang.  It appears that plaintiffs' current plight is due to the fact that
23 they waited until the last minute to seek Mang's deposition, and they have not satisfactorily
24 explained why they could not seek his deposition sooner.

25       Accordingly, their motion to compel Mang's deposition is DENIED.  This court does
26 not reach Allstate's other stated objections.

27
28

IT IS SO ORDERED.

Dated: November 9, 2006

———————————————
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:05-cv-3178 Notice will be electronically mailed to:**

Michael A. Barnes mbarnes@sonnenschein.com, msaplala@sonnenschein.com

Sonia Renee Martin smartin@sonnenschein.com, clakes@sonnenschein.com; msaplala@sonnenschein.com

John A. Shepardson johnshepardson@hotmail.com

Jessica Lou Woelfel jwoelfel@sonnenschein.com, ddonner@sonnenschein.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.