**\*E-FILED ON 11/9/2006\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO CECENA and MARIA CECENA,<br><br>         Plaintiffs,<br>   v.<br><br>ALLSTATE INSURANCE COMPANY and DOES 1-100,<br><br>         Defendants. | No. C05-03178 JF (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL RE SECOND SET OF REQUESTS FOR DOCUMENTS**<br><br>**[Re: Docket No. 57]** |

This insurance action, based on the court's diversity jurisdiction, stems from a fire that damaged plaintiffs' home on December 14, 2003. At the time of the fire, their home was insured under a homeowners policy issued by defendant Allstate Insurance Company ("Allstate"). In this lawsuit, plaintiffs allege that Allstate handled their claim in bad faith and has not made full or timely payment of benefits under their policy.

Presently before this court is plaintiffs' "Motion to Compel Allstate to Produce Documents for Combined Request No. 2." Allstate opposes the motion. Upon consideration of the papers filed by the parties,[1] as well as the arguments made at the November 7, 2006 hearing, the court issues the following order.

---

[1] Plaintiffs' request to belatedly file their reply papers is granted. Generally, this court does not condone the failure to make timely filings. Nevertheless, here, most of plaintiffs' papers were timely submitted, with the exception of a few reply briefs which were filed just after the midnight filing deadline and some exhibits which were filed the following afternoon. There has been no prejudice to Allstate by the delay.

1.      Preliminarily, Allstate argues that the instant motion should be denied because plaintiffs unduly delayed in filing it and therefore waived their right to compel the discovery. Here, Allstate points out that its interrogatory responses at issue were served on January 17, 2006. Generally, discovery motions should be made within a reasonable time. The instant motion was not filed until a few days before the October 6, 2006 discovery cutoff, and plaintiffs have not explained why they could not move for relief sooner. Nevertheless, the court's Civil Local Rules permit parties to file discovery motions up to seven court days after the discovery cutoff. See CIV. L.R. 26-2. Moreover, it appears that the requested discovery reasonably can be accomplished without jeopardizing the January 7, 2007 trial set by the District Court. Accordingly, this court declines to deny the instant motion as untimely.

2.      Document Request No. 5 asks Allstate to "[p]roduce all personnel records from 1/1/2000 to the present for Mr. Steve Bryan that pertain to his performance reviews." (See Shepardson Decl., Ex. 5 at p. 4). Plaintiffs argue that the requested information is relevant to their claim that Allstate acted in bad faith, as well as to their claim for punitive damages. At the motion hearing, plaintiffs clarified that they are seeking discovery only of Bryan's performance reviews, and not of Bryan's entire personnel file. Additionally, as stated in connection with their separate motion on interrogatories seeking similar discovery, plaintiffs agree that Allstate may redact information identifying other insureds. Allstate contends that the requested information is irrelevant. It further argues that the requested information is protected by third party privacy interests and that plaintiffs have not shown the requisite "compelling need" for that information.

Generally, even if personnel records are relevant, discovery of such files is permitted only upon a showing of "compelling need." See Bd. of Trustees v. Super. Ct., 119 Cal. App.3d 516, 525, 174 Cal. Rptr. 160, 164 (1981) ("And even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a careful balancing of the compelling public need for discovery against the fundamental right of privacy.") (internal quotations and citations omitted). Moreover, a "court should first examine the file in camera and order disclosure of only that

1  information which might be relevant to the lawsuit." El Dorado Savings & Loan Ass'n v.
2  Super. Ct., 190 Cal. App.3d 342, 346, 235 Cal. Rptr. 303, 305 (1987).

3  Plaintiffs' briefs are not the model of clarity. Nevertheless, plaintiffs say that
4  Bryan was the "main adjuster" on their claim and that his activities are therefore central to their
5  case. At oral argument, plaintiffs' counsel further asserted that Bryan's bid on their home
6  repairs was underestimated and that he was responsible for certain payments (e.g., engineering
7  fees) which plaintiffs say were unduly delayed. Plaintiffs also point out that while the instant
8  motion was being briefed, Allstate served an answer to plaintiffs' Interrogatory No. 11,
9  indicating that their claim was not adjusted in accordance with Allstate's policies and
10 procedures.

11 Bryan's performance reviews are relevant insofar as they may show his
12 qualifications, experience and professional competence, as well as instances of negligence or
13 malfeasance by Bryan. Allstate argues that plaintiffs have presented no basis to believe that
14 Bryan did anything wrong. Here, it asserts that its answer to plaintiffs' Interrogatory No. 11
15 was not based upon Bryan's conduct, but upon that of another employee (Catherine Smith).
16 Nevertheless, this court concludes that plaintiffs should be given some leeway to explore that
17 contention. Morever, it appears that at this stage of the litigation, the requested discovery is not
18 available through less intrusive means. Accordingly, plaintiffs' motion as to Document Request
19 No. 5 is GRANTED, subject, however, to a further order of this court following an *in camera*
20 review to determine what information ought to be produced. Allstate shall submit Bryan's
21 performance reviews to this court for an *in camera* review **forthwith**, and in any event, no later
22 than **November 15, 2006**.

23      3.      With respect to Document Request No. 7, plaintiffs seek "all policies and
24 procedures documents, including local memorandums [sic], guidelines or notes, regarding
25 Allstate's procedures and duties to inform insureds after a loss occurs of the benefits they are
26 entitled to under the policies." (See Shepardson Decl., Ex. 5 at p. 5). They argue that this
27 information is relevant to their contention that Allstate knew it had a duty to disclose benefits to
28 plaintiffs, but nonetheless failed to fulfill that duty, particularly as to plaintiffs' claimed

3

1  additional living expenses.  Plaintiffs say that they seek documents *other* than Allstate's
2  "Claims Manual: Policy, Practices, Procedures" (which has already been produced).  Allstate
3  argues that this request is vague as to "policies and procedures," "local memorandums,"
4  "guidelines" and "notes," and contends that the request is overbroad, burdensome and seeks
5  irrelevant information.

6  As drafted, Request No. 7 is overbroad as to time, as well as to the types of
7  insurance policies it purports to cover.  Nevertheless, the request reasonably can be read as
8  seeking documentation other than Allstate's "Claims Manual: Policy, Practices, Procedures" –
9  namely, national and regional (i.e., Northern California) policies, manuals, rules, guidelines or
10 memoranda which refer to, relate to, amend, clarify, amplify or interpret Allstate's procedures
11 that explain what should or should not be told to insureds about their benefits after an alleged
12 loss has occurred.  Such documents are relevant or reasonably calculated to lead to the
13 discovery of admissible evidence re plaintiffs' claims that Allstate acted in bad faith in
14 adjusting their property claim.  Accordingly, plaintiffs' motion as to this request is GRANTED;
15 however, the request will be limited to documents in effect between December 2003 and May
16 2005 which bear upon homeowners' policies like the one held by plaintiffs.  Allstate shall
17 produce any non-privileged documents that are responsive to this request (as clarified by the
18 court) **no later than November 20, 2006**.  If, after diligent inquiry and reasonable search,
19 Allstate has no responsive documents, then it shall submit by **November 20, 2006** affidavit(s)
20 from corporate officer(s) with requisite authority and knowledge so attesting.

21  IT IS SO ORDERED.
22  Dated:  November 9, 2006

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:05-cv-3178 Notice will be electronically mailed to:**

Michael A. Barnes mbarnes@sonnenschein.com, msaplala@sonnenschein.com

Sonia Renee Martin smartin@sonnenschein.com, clakes@sonnenschein.com; msaplala@sonnenschein.com

John A. Shepardson johnshepardson@hotmail.com

Jessica Lou Woelfel jwoelfel@sonnenschein.com, ddonner@sonnenschein.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.