**\*E-FILED ON 12/7/2006\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO CECENA and MARIA CECENA, | No. C05-03178 JF (HRL) |
| Plaintiffs, | **ORDER (1) GRANTING ALLSTATE'S "MOTION FOR LEAVE TO FILE A MOTION FOR CLARIFICATION OR RECONSIDERATION"; AND (2) CLARIFYING NOVEMBER 9, 2006 DISCOVERY ORDERS** |
| v. | |
| ALLSTATE INSURANCE COMPANY and DOES 1-100, | |
| | **[Re: Docket No. 88]** |
| Defendants. | |

Defendant Allstate Insurance Company ("Allstate") moves for leave to file a motion for clarification or reconsideration as to this court's "Order Granting in Part and Denying In Part Plaintiffs' 'Motion to Compel Allstate to Produce Documents for Maria Cecena's Document Request No. 2.'" That order (see Docket No. 77) was issued on November 9, 2006. Allstate's motion also pertains, in part, to all five discovery orders issued by this court on that same date. Plaintiffs oppose the motion. This court construes the motion as one seeking clarification of its discovery orders. Upon consideration of the papers filed by the parties, this court GRANTS the motion as follows:

1. This court ordered Allstate to produce its Claims Core Process Review ("CCPR") documents "which pertain to property and casualty claims." (See Nov. 9, 2006 Order, Docket No. 77 at 2:19-20). Allstate seeks clarification as to whether its CCPR

1  "casualty" documents must be produced.  Although plaintiffs claim that Allstate did not meet-
2  and-confer about its desire to seek clarification of this issue, the record presented indicates that
3  the parties did confer by telephone and letter before the instant motion was filed.  (Woelfel
4  Decl., ¶¶ 6-7 and Ex. 2).

5  The ruling in question was based upon the court's understanding (in light of
6  statements made by defense counsel at the November 7, 2006 motion hearing) that "property"
7  claims (i.e., the type of claim at issue in the instant litigation) were addressed in a single section
8  of Allstate's CCPR documents together with "casualty" claims.  (See Nov. 9, 2006 Order,
9  Docket No. 77 at 2:11-14).  Allstate now attests, through its counsel, that its CCPR program
10 relating to "casualty" insurance and to "property" insurance are actually two separate programs
11 with separate manuals.  (See Woelfel Decl., ¶ 3).  Further, defense counsel avers that the CCPR
12 "casualty" insurance program  "relates to the valuation of bodily injury claims, and deals mainly
13 with liability and uninsured motorist claims under automobile policies. . . [and] does not relate
14 in any way to property insurance claims under homeowners' policies."  (See id., ¶ 4).  Allstate
15 indicates that its CCPR "property" documents are otherwise being produced to plaintiffs.

16 The court finds no need for any further briefing on this issue.  It now appears that
17 the November 9, 2006 order in question was based upon a miscommunication or
18 misunderstanding as to the CCPR documents, and this court clarifies that Allstate's CCPR
19 "casualty" documents need not be produced.

20 2. Allstate also seeks an order that documents produced pursuant to all five of this
21 court's November 9, 2006 discovery orders be subject to the terms of the parties' existing
22 confidentiality agreement.  There is little information before the court as to what that agreement
23 says; and Allstate asserts only that "[p]rior to Allstate's production of its 'Claims Manual:
24 Policy, Practices, Procedures,' the parties entered into a confidentiality agreement whereby they
25 agreed that confidential materials would only be used in connection with this litigation."
26 (Woelfel Decl., ¶ 8).  Plaintiffs argue that Allstate did not timely move for a protective order in
27 connection with the underlying discovery motions and should not be permitted to do so now.
28 Indeed, it appears that Allstate made only a passing reference to the claimed confidentiality of

1  its documents in its brief and to its desire for a (new or different) confidentiality agreement at
2  oral argument on the underlying discovery motions.  Nevertheless, insofar as Allstate
3  apparently seeks only an order that any confidential documents that are produced shall be used
4  only in connection with the instant lawsuit, its motion is granted and the court finds no need for
5  any further briefing on the issue.  However, because there is no issue presently before the court
6  as to the claimed confidentiality of any particular document(s), the court expresses no opinion
7  as to whether any document may appropriately be designated as such.

8         To the extent that Allstate seeks some other or further protection, or if there is a
9  dispute as to Allstate's designation of particular documents as confidential, then either party
10 may seek appropriate relief from the court if meaningful, good faith meet-and-confer
11 negotiations do not resolve the issue(s).  On any such motion, Allstate will bear the burden of
12 persuasion that the confidentiality designation is warranted.  Until the court rules on any such
13 issue, the parties shall continue to treat the material in question as confidential.

14        Allstate's compliance with this court's discovery orders is overdue and, while
15 the court understands its concerns over possible compromise of information (if any)
16 legitimately entitled to protection, a prudent litigant would have timely raised the issue in
17 conjunction with its opposition to the underlying discovery motions.  The court does not at
18 present know if the delay in production has prejudiced the plaintiff.  In any event, production
19 should occur forthwith.

20    IT IS SO ORDERED.
21 Dated:  December 7, 2006

22
23              HOWARD R. LLOYD
             UNITED STATES MAGISTRATE JUDGE

**5:05-cv-3178 Notice will be electronically mailed to:**

Michael A. Barnes mbarnes@sonnenschein.com, msaplala@sonnenschein.com

Sonia Renee Martin smartin@sonnenschein.com, clakes@sonnenschein.com; msaplala@sonnenschein.com

John A. Shepardson johnshepardson@hotmail.com

Jessica Lou Woelfel jwoelfel@sonnenschein.com, ddonner@sonnenschein.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.