United States District Court
For the Northern District of California

***E-FILED ON 12/29/06***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO CECENA and MARIA CECENA, | No. C05-03178 JF (HRL) |
| Plaintiffs,<br>v. | **ORDER DENYING PLAINTIFFS' FIRST, SECOND AND THIRD MOTIONS FOR SANCTIONS** |
| ALLSTATE INSURANCE COMPANY and DOES 1-100, | |
| Defendants. | **[Docket Nos. 96, 108, 114]** |

## I. BACKGROUND

On November 9, 2006, this court issued several discovery orders requiring defendant Allstate Insurance Company ("Allstate") to produce certain documents to plaintiffs. Plaintiffs subsequently filed, on an expedited basis, three motions for sanctions, alleging that Allstate failed to comply with those discovery orders in several respects. They request that the court impose issue-preclusion, evidentiary or terminating sanctions under Fed. R. Civ. P. 37.[1] Allstate opposed the motions. The parties were given leave to, and did, file supplemental briefs on certain issues which were raised at the December 21, 2006 motions hearing. Upon consideration of the papers filed by the parties, as well as the arguments of counsel, this court issues the following order.

---

[1] Plaintiffs, in a passing reference in one of their counsel's declarations, also request that this court "revoke" the confidentiality order issued in connection with its December 7, 2006 order clarifying its prior discovery rulings. Plaintiffs' request is denied.

## II. LEGAL STANDARD

Where a party fails to obey an order to provide or permit discovery, Fed. R. Civ. P. 37 authorizes sanctions in the form of orders (1) deeming certain matters established for the purpose of the action in accordance with the claim of the party obtaining the order; (2) refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; (3) striking out pleadings, in whole or in part, or staying the proceedings until the order is obeyed, or dismissing the action, or rendering a judgment by default against the disobedient party; and (4) treating the failure to obey as contempt of court.  FED.R.CIV.P. 37(b).  In addition, or in lieu of such orders, "the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  Id.  However, terminating sanctions are "authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'"  In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (quoting United States v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir. 1988)).

## III. DISCUSSION

**A.     Plaintiffs' First Motion for Sanctions**

In view of this court's December 7, 2006 order clarifying its prior discovery rulings, plaintiffs have withdrawn the portion of their motion concerning the Claims Core Process Review ("CCPR") "casualty" documents.  The only other issue raised in plaintiffs' first motion concerns Allstate's delayed production of "financial incentive" documents dating from the period that plaintiffs' claim was handled, i.e., December 2003 through May 2005.

In their underlying discovery motion, plaintiffs sought an order compelling Allstate to produce (a) "[a]ll writings about the incentive compensation plans for Allstate personnel involved in homeowner's claims handling, including and not limited to managers, supervisors, regional managers, district managers, and field and office adjusters"; and (b) "writings about employment financial incentives" for Catherine Smith, Steve Bryan, Hubert Chappell, Kim

1  Beardon, Bob Purdy, and all "claims managers responsible for Northern California
2  homeowners." (See November 9, 2006 Order, Docket No. 78 at 4:7-13). In its ruling, this court
3  found that plaintiffs had not shown a "compelling need" for the financial information of the
4  identified individuals. However, it concluded "that plaintiffs are entitled to explore, generally,
5  whether Allstate offers financial incentives to its managerial employees" and directed Allstate
6  to produce "all documents indicating whether Allstate offers financial incentives to its Northern
7  California managers and supervisors (i.e., those ranks of employees above claims adjusters)."
8  (See id. at 5:9-10, 12-14). Plaintiffs' sanctions motion references certain booklets which they
9  contend were not produced. However, the motion indicates that plaintiffs' only concern is over
10 the production of the "financial incentive" documents in effect during the period that their claim
11 was handled. They argue that issue-preclusion, evidentiary, or terminating sanctions are
12 warranted because Allstate did not produce the desired documents until after the instant motion
13 was filed.

14      For its part, Allstate says that it timely produced documents indicating that it offers
15 (present tense) financial incentives to its employees by the November 20, 2006 court-ordered
16 deadline. Because the court order in question is phrased in the present tense, Allstate disagrees
17 that it was obliged to produce documents from the 2003-2005 period when plaintiffs' claim was
18 handled. Nevertheless, on December 7 and 12, 2006, it voluntarily supplemented its production
19 with (1) documents indicating that it had an incentive program from the years 2003 through
20 2005 and (2) two booklets describing the annual incentive program which were referenced in
21 the 2006 documents previously produced. It maintains, however, that no sanctions are
22 warranted because the later-produced documents were not specifically called for by this court's
23 November 9, 2006 order.

24      It is curious that Allstate takes the position that the "financial incentive" documents for
25 the period during which plaintiffs' claim was handled were not called for, when it has taken the
26 opposite position on virtually every other document request made by plaintiffs. Although it
27 seems that Allstate's production was not timely completed, this court cannot fault Allstate to the
28 extent that it apparently complied with the letter of the discovery order in question. In any

3

1 event, it seems that all of the documents plaintiffs seek were produced by December 12, 2006,
2 and the District Court apparently has granted plaintiffs' request for a continuance of summary
3 judgment proceedings to allow time for additional briefing on the issues raised therein. This
4 court does not find that sanctions are supported by the record presented.

**B.     Plaintiffs' Second Motion for Sanctions**

In one of their underlying discovery motions, plaintiffs sought an order compelling Allstate to produce "[a]ll documents in effect from 12/14/03 and 3/1/06 regarding Allstate's objective to 'win every claim.'" (See November 9, 2006 Order, Docket No. 77 at 3:20-22). This court agreed that the request was overbroad, vague and ambiguous. Nevertheless, insofar as Allstate's counsel indicated that there was no goal, policy or objective at Allstate named "win every claim," the court ordered Allstate to "submit affidavit(s) from appropriate corporate officer(s) with requisite authority and knowledge so attesting." (See id. at 4:7-8). In response to that order, Allstate served the declaration of Gary Mellini, who (1) is identified as an Allstate employee and the "Vice President of PCCSO" and (2) attests that "[t]here is no goal, objective or policy at Allstate which is named 'win every claim,' either at the national level or in the Northern California region." (See Shepardson Decl., Docket No. 109, Ex. 2 at ¶ 5).

Plaintiffs now contend that this declaration is a "sham" because they have found a "win every claim" reference in Allstate's CCPR property documents (see Shepardson Decl., Docket No. 109, Ex. 3). The phrase appears on a single page in a bullet-point discussion apparently addressing Allstate's "New approach." Plaintiffs contend that issue-preclusion, evidentiary, or terminating sanctions are warranted because Allstate allegedly misled them and the court as to the existence of such a policy or objective and has withheld documents about it. At oral argument, Allstate indicated that the single page cited by plaintiffs is but one of thousands which Allstate has produced. Allstate insists that it acted appropriately in determining that there is no goal, policy, or objective to "win every claim." Further, it argues that no sanctions are warranted because it provided a declaration as required by the court.

In essence, the instant sanctions motion highlights the parties' apparent disagreement as to the interpretation of the reference to "win every claim" in the page produced by Allstate and

4

the significance, if any, to be attributed to it. Plaintiffs argue that it signifies a sinister "sea change" in Allstate's claim handling procedures and attitudes. Allstate disputes that contention and argues that the single reference hardly constitutes a national or regional policy, program or objective. Suffice to say, each side will have an opportunity at the appropriate time to present its arguments as to evidence in the case. This court supposes that plaintiffs might be free to pursue their theory as to the existence of a policy to "win every claim" if discovery were still open or if discovery were to be re-opened by the District Court (a proposition which this court, as it understands the claims in this case, is <u>not</u> recommending under the circumstances presented here). Nevertheless, the court cannot conclude that Mr. Mellini's declaration is a "sham," as plaintiffs insist. Nor does it find that the bullet point reference to "win every claim" is an ominous indicator that Allstate has willfully concealed pertinent information in bad faith.[2] Plaintiffs' motion for sanctions is denied.

### C.     **Plaintiffs' Third Motion for Sanctions**

Confusingly, the moving papers for plaintiffs' third sanctions motion replicates the issues and discussion from their second sanctions motion. Nevertheless, plaintiffs' counsel's supporting declaration indicates that the third motion concerns (1) certain redactions Allstate made to portions of its "Claim Policy Practices Procedures Manual" ("CPPP Manual");[3] and (2) additional documents (namely, an "E&O Manual" and a "Claim Bulletin") which they say Allstate should have, but did not, produce pursuant to two of this court's November 9, 2006 discovery orders (<u>see</u> Docket Nos. 78 and 81).

The gist of plaintiffs' third motion is as follows: During the course of discovery, Allstate agreed to produce relevant portions of its CPPP Manual. In May 2006, Allstate produced a redacted version of that manual. On December 11, 2006, plaintiffs' counsel obtained an unredacted version of Allstate's CPPP Manual from a third-party document repository. There is some question about whether the manual Allstate produced is identical to

---

[2]     The language, in any event, did not suggest to this court that "win[ning]" was to be accomplished at the expense of policyholders.

[3]     This court understands that the CPPP Manual is the same manual referred to by the parties elsewhere as "Claims Manual: Policy, Practices, Procedures."

5

1  the manual that plaintiffs obtained.  In any event, according to plaintiffs, the unredacted version
2  of the manual reveals that Allstate (1) withheld two pages from its manual concerning "Policy
3  Reformation Category 1 E&O Claims," which show that there exists an "E&O Manual" and a
4  "Claim Bulletin" that should have been produced (see Shepardson Decl., Docket No. 115, Ex.
5  11); and (2) redacted a relevant portion of its claims manual (namely, Chapter 4, Section 4.0)
6  (see id, Ex. 10).  With respect to the "E&O Manual" and "Claim Bulletin" documents, plaintiffs
7  argue that they are relevant to the handling of their property claim because Allstate generated an
8  "Errors and Omissions – E&O" form in their claim file to include roughly $16,000 in building
9  code coverage (see id., Ex. 2).  As for the redacted Section 4.0, plaintiffs claim that it never
10 should have been redacted because it is generally applicable to the disclosure of first-party
11 coverages.  They further argue that the documents fall within the ambit of this court's
12 November 9, 2006 discovery orders which directed Allstate to produce, for the period
13 December 2003 through May 2005:

- "[A]ll policies, manuals, rules, guidelines or memoranda *other* than its "Claims Core Process Review" documents and its "Claims Manual: Policy, Practices, Procedures" which refer to, relate to, amend, clarify, amplify or interpret any Allstate policy, practice, goals, or objectives as to its loss management procedures pertaining to homeowners' insurance claims";

- "[A]ny Northern California policies, manuals, rules, guidelines or memoranda *other* than its "Claims Core Process Review" documents and its "Claims Manual: Policy, Practices, Procedures" which refer to, relate to, amend, clarify, amplify or interpret any Allstate policy, practice, goals, or objectives as to its claim adjustment procedures for homeowners claims (including procedures for handling contents claims, adjusting fire claims and determining home replacement cost)"; and

- "[D]ocumentation other than Allstate's "Claims Manual:  Policy, Practices, Procedures" – namely, national and regional (i.e., Northern California) policies, manuals, rules, guidelines or memoranda which refer to, relate to, amend, clarify, amplify or interpret Allstate's procedures that explain what should or should not be told to insureds about their benefits after an alleged loss has occurred."

26 (November 9, 2006 Order, Docket No. 78 at 3:14-18 and 3:24-4:1; Docket No. 81 at 4:8-12).
27      Allstate argues that the issues raised in the instant motion were never the subject of a
28 prior court order and cannot now be the subject of a motion for sanctions.  Indeed, it is true that

6

1  sanctions generally are not available without a prior court order compelling the discovery under
2  Fed. R. Civ. P. 37.  See FED.R.CIV.P. 37(b)(2); see also Unigard Security Ins. Co. v. Lakewood
3  Eng'g & Mfg. Corp., 982 F.2d 363, 367-68 (9th Cir. 1992).  Although plaintiffs insist that they
4  only learned about the "E&O Manual" and "Claim Bulletin" through the unredacted version of
5  the manual they obtained on December 11, 2006, it appears that the manual produced by
6  Allstate in May did reference at least an "Errors & Omissions" claim manual (see Shepardson
7  Decl., Docket No. 115, Ex. 4 at p. AS01330).  However, no issue as to the redactions or the
8  allegedly missing documents were raised in plaintiffs' prior discovery motions.

9  Even if the issues now raised by the instant motion could be construed as falling within
10  the scope of this court's prior discovery orders, this court does not find that sanctions are
11  warranted.  With respect to the two previously redacted (now revealed) "E&O" pages in
12  question, the pages submitted by plaintiffs appear to comprise (1) a blank form titled "Policy
13  Reformation Category 1 E&O Claims"; and (2) instructions about when and how that form is to
14  be completed.  (See Shepardson Decl, Docket No. 115, Ex. 11).  Allstate asserts that these
15  pages were withheld from its production because they concern "Policy Reformation," and it
16  says that there is no claim for policy reformation in this case.  Plaintiffs contend that policy
17  reformation is an issue and that the two "E&O" pages (and the documents cited therein)[4] are
18  relevant because Allstate retroactively added building code coverage to their policy due to an
19  apparent oversight by the insurance agent.  (See id., Ex. 2).

20  However, this case does not appear to present a situation where plaintiffs claim
21  entitlement to coverage which was refused.  Allstate apparently agreed (once the claim arose) to
22  add the coverage in question (by "reforming" the policy).  Indeed, the "Errors and Omissions –
23  E&O" document which plaintiffs submitted from their claim file shows that Allstate, after the
24  fact, provided building code coverage, which worked out to be approximately $16,000 – that is,
25  "10% of structure limits of $164,670."  (See Shepardson Decl., Docket No. 115, Ex. 2).

---

[4] In their supplemental reply, plaintiffs reference a "Policy Reformation manual."  Because plaintiffs have not explained what this manual is, this court assumes that they mean the "E&O Manual" referenced in their earlier-filed motion papers.

7

1 Plaintiffs seem to contend that $16,000 was insufficient to actually pay for the code upgrades,
2 but that does not seem to be a "reformation" claim.
3   With respect to the previously redacted (now unveiled) Section 4.0, it is not entirely
4 clear whether, in context, the section applies to first-party coverages generally (as plaintiffs
5 insist) or whether it applies only to auto and casualty claims (as Allstate contends). However,
6 this court concludes that, either way, the sanctions requested by plaintiffs are not warranted.
7 Here, plaintiffs have obtained an unredacted claim manual, and as noted above, they have been
8 given additional time to address issues raised on summary judgment. Moreover, it is not
9 apparent that Allstate has redacted a "smoking gun." The Section 4.0 in question is a brief
10 paragraph which appears to confirm Allstate's obligations to advise insureds of available
11 coverages and benefits. (See Shepardson Decl., Docket No. 115, Ex. 10). As confirmed by the
12 parties at oral argument, Allstate has all along acknowledged the existence of a duty to inform
13 plaintiffs of the benefits available under their homeowners policy. In this litigation, they
14 apparently disagree only about whether Allstate fulfilled that obligation. That being the case,
15 this court does not find that plaintiffs have been seriously prejudiced by the now unveiled
16 redaction in question, which only seems to confirm the existence of a duty as to which there is
17 no dispute.

## IV. ORDER

19   Based on the foregoing, this court does not find that sanctions are warranted.
20 Accordingly, plaintiffs' three motions for sanctions are DENIED.
21 Dated:   December 29, 2006

                                                         _____
                                                         HOWARD R. LLOYD
                                                         UNITED STATES MAGISTRATE JUDGE

8

**5:05-cv-3178 Notice will be electronically mailed to:**

Michael A. Barnes mbarnes@sonnenschein.com, msaplala@sonnenschein.com

Sonia Renee Martin smartin@sonnenschein.com, clakes@sonnenschein.com; msaplala@sonnenschein.com

John A. Shepardson johnshepardson@hotmail.com

Jessica Lou Woelfel jwoelfel@sonnenschein.com, ddonner@sonnenschein.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.