**E-Filed 5/14/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO CECENA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALLSTATE INSURANCE CO., et al.,<br><br>　　　　Defendants. | Case Number C 05-3178 JF (HRL)<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART ALLSTATE'S RENEWED MOTION FOR SUMMARY JUDGMENT<br><br>[re: doc. no. 145] |

　　In this insurance bad faith case arising out of fire damage to the home of Plaintiffs Eduardo and Maria Cecena ("the Cecenas"), the Court previously has dismissed or granted partial summary judgment with respect to all claims except the breach of contract claim arising out of the additional living expenses ("ALE") provision and the corresponding bad faith claim. In its last order of January 16, 2007 ("January 16 Order"), the Court noted that the Cecenas' theory of liability under the ALE provision initially had been somewhat unclear, but that the Cecenas had clarified that their ALE claims are based upon Allstate's alleged failure to disclose all of the benefits available under the ALE provision. The Court denied Allstate's motion for

---

[1] This disposition is not designated for publication and may not be cited.

summary judgment with respect to the ALE claims in part because the briefing had not focused on this theory of liability, but stated explicitly that such denial was without prejudice to a renewed motion for summary judgment. Allstate now brings a renewed motion for summary judgment directed toward the Cecenas' ALE claims, the only remaining claims in the operative Second Amended Complaint ("SAC"). The Court has considered the briefing submitted by the parties as well as the oral arguments presented at the hearing on April 27, 2007. For the reasons discussed below, the motion will be granted in part and denied in part.

## I. DISCUSSION

### A. Legal Standard

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*, 943 F. 2d 1132, 1134-36 (9th Cir. 1991).

### B. Analysis

The Court provided a detailed account of the facts giving rise to this action in its January 16 Order, and those facts need not be repeated here except as relevant to the Cecenas' remaining ALE claims. The policy required Allstate to "pay the reasonable increase in living expenses necessary to maintain [the Cecenas'] normal standard of living" when their home became uninhabitable. The Cecenas assert that the adjuster responsible for this portion of their claim,

Amy Patton ("Patton"), gave them the choice between living in a motel room with a kitchenette or living with a relative and receiving a monthly cash payment. The Cecenas agreed to live with their son and to take a monthly cash payment of $500. Allstate paid twelve months of ALE benefits at the $500 rate. The Court concluded in its January 16 Order that based upon this record Allstate cannot be said to have breached the policy provision requiring it to pay ALE benefits.

As has become clear, the Cecenas' theory is not that Allstate failed to reimburse them for additional living expenses actually incurred, but that Allstate breached its *disclosure* obligations by failing to inform them that under the ALE provision they had the option to live in a comparable home for the year in question. The Cecenas assert that a comparable home would have cost $2,000 per month to rent, and that had Allstate disclosed this option, they would have chosen it instead of living on a sofa-bed in their son's home for a year.[2]

The alleged failure to disclose does not constitute breach of the express terms of the insurance policy. The Cecenas do not point to any explicit disclosure obligation in the policy itself, but argue that a disclosure obligation is set forth in an insurance regulation, 10 Cal. Admin. Code § 2695.4(a), issued by the Insurance Commissioner under the Unfair Insurance Practices Act, Cal. Ins. Code § 790.03. There is no private right of action under § 790.03. *See Moradi-Shalal v. Fireman's Fund Ins. Co.*, 46 Cal.3d 287, 304-05 (1988); *Zaphyr Park v. Superior Court*, 213 Cal. App. 3d 833, 834-35 (1989). It follows that there is no private right of action under the insurance regulations promulgated under § 790.03. The Cecenas have not cited, and the Court has not discovered, any authority for the proposition that there is such a private right of action.

The Cecenas alternatively argue that Allstate's failure to disclose the option of comparable rental housing was a breach of the covenant of good faith and fair dealing that is

---

[2] As the Court noted in its January 16 Order, the Cecenas have not introduced evidence that a comparable rental home would have cost $2,000 a month to rent. However, the rental cost of a comparable home would be easy enough to ascertain; accordingly, the Court will not grant summary judgment against the Cecenas on this basis.

3

implied into every contract. *See Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 818 (1979); *Davis v. Blue Cross of Northern Cal.*, 25 Cal.3d 418, 427 (1979). In the insurance context, the implied covenant imposes upon an insurer "the duty reasonably to inform an insured of the insured's rights and obligations under the insurance policy." *Davis*, 25 Cal.3d at 428. "In particular, in situations in which an insured's lack of knowledge may potentially result in a loss of benefits or a forfeiture of rights, an insurer has been required to bring to the insured's attention relevant information so as to enable the insured to take action to secure rights afforded by the policy." *Id.* Thus in *Davis* the insurer was found to have breached the implied covenant by failing to bring to the insureds' attention their rights under the policy's arbitration clause. The court rejected the insurer's argument that because the insureds received written notice of their arbitration rights the insurer was under no additional obligation to call the arbitration remedy to the insureds' attention or to explain how the arbitration remedy could be invoked.

In *Walker v. Occidental Life Ins. Co.*, 67 Cal.2d 518 (1967), an insured's coverage ended at the termination of his employment, but the policy provided a thirty-one day option period during which the insured could convert the policy into an individual policy and retain coverage. The court held that although no provision of the policy explicitly required the insurer to notify an insured of the date on which the option period began to run, such a duty was implied under the covenant of good faith and fair dealing because of the serious danger that the insured otherwise would forfeit the benefit.

The Cecenas plead just such a breach of the implied covenant in their third claim, which alleges in relevant part that Allstate misrepresented and failed to disclose potential benefits owed under the policy. SAC ¶ 95. The Cecenas also present evidence from which a reasonable trier of fact could conclude that Allstate in fact breached its disclosure obligations under the policy. Drawing all inferences in favor of the Cecenas, a jury could conclude that Patton did tell the Cecenas that the ALE provision entitled them to a motel room with kitchenette or to live with family and receive a monthly cash payment, and did not tell them that they could select comparable rental housing. While Patton implies in her declaration that it is her practice to tell insureds that their ALE options include rental housing, she does not state that she gave the

Cecenas the option of rental housing in this case. Patton Decl. ¶ 7. The Cecenas state explicitly in their declarations that Patton did not offer the rental housing option when discussing ALE benefits. The Cecenas also offer Patton's letter to them dated December 15, 2003, discussing staying at a hotel but failing to mention rental housing. Finally, the Cecenas offer a training script that Allstate provides to its adjusters, which includes a discussion of the right to stay in a hotel under the ALE provision but which makes no mention of the right to stay in a comparable rental home.

Accordingly, while the Court will grant Allstate's motion for summary judgment with respect to the Cecenas' claim for breach of the express provisions of the policy, the Court will deny the motion with respect to the Cecenas' claim for breach of the implied covenant of good faith and fair dealing.

Additionally, as it indicated at the hearing, the Court would entertain a motion for leave to amend the SAC to frame additional appropriate claims based upon Allstate's alleged concealment or misrepresentations regarding the ALE benefits. The Court makes no comment as to the merits of any such motion, which would have to be assessed under Federal Rule of Civil Procedure 15(a).

## II. ORDER

Defendant's motion for summary judgment is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED: 5/14/07

_____
JEREMY FOGEL
United States District Judge

Case No. C 05-3178 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART ALLSTATE'S RENEWED MOTION FOR SJ
(JFLC2)

1  This Order was served on the following persons:

2

3  Michael A. Barnes    mbarnes@sonnenschein.com, msaplala@sonnenschein.com

4  Sonia Renee Martin    smartin@sonnenschein.com, clakes@sonnenschein.com; ; msaplala@sonnenschein.com

5

   John A. Shepardson    johnshepardson@hotmail.com

6

   Jessica Lou Woelfel    jwoelfel@sonnenschein.com, ddonner@sonnenschein.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-3178 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART ALLSTATE'S RENEWED MOTION FOR SJ
(JFLC2)