**E-Filed 12/03/07**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EDUARDO CECENA and MARIA CECENA, | Case Number C 05-3178 JF |
| Plaintiffs, | ORDER[1] DENYING MOTION TO DISMISS |
| v. | [docket no. 170] |
| ALLSTATE INSURANCE COMPANY, et al., | |
| Defendants. | |

   Eduardo and Maria Cecena (collectively, the "Cecenas"), a married couple, bring the instant Third Amended Complaint ("TAC") against Defendants Allstate Insurance Company and certain of its employees (collectively, "Allstate") for fraud, breach of the implied covenant of good faith and fair dealing ("bad faith"), and violation of the California Business and Professions Code § 17200 *et seq* ("B&P § 17200"). Allstate moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). For the reasons stated below, the motion will be denied.

--------------------

[1] This disposition is not designated for publication and may not be cited.

**I. BACKGROUND**

The TAC alleges the following facts: the Cecenas' primary language is Spanish, and they have limited English skills.  TAC at ¶ 5.  The Cecenas own a home that was damaged by a fire. *Id.* at ¶ 1.  The home was insured by Allstate at the time of the fire.  *Id.*  at ¶ 2.  Allstate assigned Catherine Smith ("Smith") and Amy Patton ("Patton") to adjust the Cecenas' claim for additional living expenses ("ALE") pursuant to the Cecenas' Allstate homeowner's policy.[2]  *Id.* at ¶ 7.  Smith met with Eduardo Cecena and the Cecenas' English-speaking son, Andy Cecena, to discuss the adjustment of the ALE.  *Id.* at ¶ 8.  Smith told Eduardo Cecena that Allstate would pay for the Cecenas to stay in a motel while the home was being repaired.  *Id.* at ¶ 9.  Smith did not disclose that the ALE provision of the Cecenas' policy also provided the Cecenas with the right to stay in a house comparable to their damaged home.  *Id.*  On December 15, 2003, Patton sent the Cecenas a letter that referenced their right to stay in a motel but did not mention their right to stay in comparable housing.  *Id.* at ¶ 10.

The Cecenas also allege that: on December 17, 2003, Andy Cecena notified Allstate that the Cecenas were suspending repairs on their home until they spoke to a public adjuster ("PA").[3] *Id.* at ¶ 13.  Allstate convinced the Cecenas that it would not be in their best interest to hire a PA, and the Cecenas decided not to do so.  *Id.* at ¶ 14-17.  The Cecenas also decided that they would prefer not to stay in a motel while their home was being repaired but would rather stay with Andy Cecena.  *Id.* at ¶ 20.  On January 5, 2004, Patton "noted that the [Cecenas] had 'agreed' to cash out their ALE," and for the next twelve months Allstate paid the Cecenas $500 a month while the Cecenas slept on a fold-out couch in their son's family room.  *Id.* at ¶ 21.  Had they known about the comparable housing provision in their policy, the Cecenas would have chosen to rent a house.  *Id.*  The cost of comparable housing would have been $2,500 per month.  *Id.* Allstate never told the Cecenas about their right to stay in comparable housing, even though

[2] ALE covers additional expenses an insured incurs to maintain the insured's normal standard of living when a loss makes the insured's residence uninhabitable.

[3] Public adjusters are licensed by the State of California to assist policyholders in the adjustment of claims.

1 | Allstate knew that the Cecenas' policy provided that benefit. *Id.*

2 |      The Cecenas filed their original complaint in the San Benito Superior Court. On August

3 | 5, 2005, Allstate removed the action to this Court. On October 9, 2006, the Cecenas filed their

4 | second amended complaint ("SAC"). On November 3, 2006, Allstate moved for summary

5 | judgment on the SAC. On January 16, 2007, the Court granted summary judgment with respect

6 | to all of the claims in the SAC except for the bad faith claim. On August 31, 2007, the Cecenas

7 | filed the operative TAC. The Court heard oral argument on the instant motion on November 9,

8 | 2007.

9 | **II. LEGAL STANDARD**

10 |      A complaint may be dismissed as a matter of law pursuant to Rule 12(b)(6) for one of

11 | two reasons: (1) Lack of a cognizable legal theory or (2) insufficient facts under a cognizable

12 | legal theory. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter*

13 | *Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all

14 | allegations of material fact in the complaint are taken as true and construed in the light most

15 | favorable to the non-moving party. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484

16 | (9th Cir. 1995); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

17 |      "A complaint should not be dismissed unless it appears beyond doubt the plaintiff can

18 | prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at

19 | 754. The court, however, "is not required to accept legal conclusions cast in the form of factual

20 | allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.* at

21 | 754-55. A court's review is limited to the face of the complaint, documents the complaint

22 | referenced, and matters of which the court may take judicial notice. *Anderson v. Clow* (*In re*

23 | *Stac Elecs. Sec. Litig.*), 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *Levine v. Diamanthuset, Inc.*,

24 | 950 F.2d 1478, 1483 (9th Cir. 1991).

25 |      Motions to dismiss generally are viewed with disfavor under this liberal standard and are

26 | granted rarely. See *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Leave to

27 | amend must be granted unless it is clear that amendments cannot cure the complaint's

28 | deficiencies. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, when

1   amendment would be futile dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d

2   386, 393 (9th Cir. 1996); *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *Beezley v.*

3   *Fremont Indem. Co.*, 804 F.2d 530, 531 (9th Cir. 1986) (per curiam).

4       "To comply with Rule 9(b), allegations of fraud must be specific enough to give

5   defendants notice of the particular misconduct which is alleged to constitute the fraud charged so

6   that they can defend against the charge and not just deny that they have done anything wrong."

7   *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (finding lack of sufficient

8   particularity where complaint "alleged that 'Lungren concealed the fraudulent submission of

9   false claims . . . to avoid repayment of funds to the United States' and that Lungren conspired

10  with the CDR and the OAG to 'defraud the United States by obtaining payment of fraudulent

11  claims.' These broad allegations included no particularized supporting detail.").  "Averments of

12  fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct

13  charged." *Vees v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citing *Cooper v.*

14  *Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).  However, it "is not fatal to [a] complaint that it does

15  not describe in detail a single specific transaction (i.e. shipment) in which [Defendant]

16  transgressed . . . , by customer, amount, and precise method. Comparable precedent does not

17  require [such] detail." *Cooper*, 137 F.3d at 627.

18                                   **III.  DISCUSSION**

19      Allstate moves to dismiss the TAC on the following grounds: (1) the bad faith claim fails

20  because Allstate did not breach the insurance contract and the Cecenas did not suffer an out-of-

21  pocket financial loss; (2) the fraud claim fails to allege that (a) Allstate intended to defraud the

22  Cecenas and (b) the Cecenas incurred an economic loss; and (3) the B&P § 17200 claim fails to

23  allege a factual basis for restitution or injunctive relief.  Motion to Dismiss ("MTD").

24  **A. Bad faith claim**

25      Allstate asserts that a bad faith claim is insufficient as a matter of law if it is not premised

26  on a breach of an underlying contract.  MTD at 4.  Allstate additionally asserts that the Cecenas

27  have not suffered an economic loss.  *Id.* at 5.  As Allstate concedes, it made these same

28  arguments in its earlier motion for summary judgment with respect to the bad faith claim.  *Id.* at

                                              4

1   4.  The Court considered Allstate's arguments at that time and denied summary judgment

2   motion.  Accordingly, the Court concludes that the Cecenas have alleged sufficient facts to state

3   a claim for bad faith.

4        The Cecenas request that the Court impose sanctions against Allstate for rearguing the

5   bad faith claim.  Opposition at 7-8.  Civil Local Rule 7-8 requires that a motion for sanctions be

6   filed separately.  The Cecenas included their request for sanctions in their opposition papers.

7   Accordingly, the request will be denied.

8   **B. Fraud**

9        The Cecenas seek fraud damages for Allstate's alleged failure to disclose the comparable

10  housing benefit available under the insurance policy.  The Cecenas allege that as a result of

11  Allstate's failure to disclose, they chose to live at their son's home rather than stay in a motel

12  and received $500 per month from Allstate.  The Cecena's allege that had they known about the

13  comparable housing provision, they would have chosen to rent a home, which would have cost

14  Allstate $2,500 per month.  TAC at ¶ 20-21.

15       "The elements of fraud are: (a) misrepresentation; (b) knowledge of falsity (scienter); (c)

16  intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Nagy*

17  *v. Nagy*, 210 Cal. App. 3d 1262, 1268 (Cal. 1989).  Allstate argues that the Cecenas have failed

18  to state a claim for fraud because they have not alleged that they have incurred any "out-of-

19  pocket damages."  MTD at 7.  However, "[a] tort victim is not limited to his or her

20  'out-of-pocket' losses; rather, he or she is entitled to compensatory damages for any actual loss,

21  as well as punitive damages for fraud (if the fraud consisted of an intentional misrepresentation

22  or concealment)." *Romo v. Stewart Title of California*, 35 Cal.App.4th 1609, 1619 (Cal. 1995).

23  The Cecenas' fraud claim alleges that as a result of Allstate's concealment they Cecena's were

24  unable to receive an ALE benefit $2,000 per month greater than the benefit they did receive.  An

25  economic loss of that type is sufficient to state a claim for fraud.

26       Allstate also argues that the Cecenas have not alleged with adequate specificity that any

27  alleged misrepresentations made by Allstate to the Cecenas were made with the intent to defraud

28  or induce reliance.  Allstate correctly directs the Court's attention to the fact that the TAC

5

1    contains no such explicit allegation of intent.  MTD at 6.   It is uncontested, however, that the

2    Cecenas' complaint does allege the following: the alleged misrepresentations made by Allstate,

3    the names of the Allstate employees who allegedly made them, and when, where, and how the

4    alleged misrepresentations  were made.  The Cecenas allege several specific instances in which

5    Patton and Smith are alleged wilfully to have concealed the more expensive comparable housing

6    option while disclosing the less expensive motel option, and that the Cecenas relied on that

7    misinformation to their detriment.   During oral argument, counsel for the Cecenas assured the

8    Court that the omission of the intent element from the TAC was inadvertent and he truthfully

9    could add specific allegations as to Allstate's intent to defraud.  The Court will rely on these

10   assurances and will not dismiss the fraud claim based on the lack of an explicit allegation of

11   intent.

12   **C. B&P § 17200**

13        The Cecenas seek restitution and injunctive relief pursuant to B&P § 17200 for Allstate's

14   alleged unlawful business practices.  TAC at ¶ 7.  Allstate argues that this claim is deficient

15   because the Cecenas fail to allege: (1) "that Allstate took any money from them that needs to be

16   restored," and (2) any ongoing conduct by Allstate to be enjoined.  MTD at 7-8.

17        California Business and Professional Code § 17203 states:

18        Any person who engages, has engaged, or proposes to engage in unfair
          competition may be enjoined in any court of competent jurisdiction. The court
19        may make such orders or judgments . . . as may be necessary to prevent the use or
          employment by any person of any practice which constitutes unfair competition,
20        as defined in this chapter, or as may be necessary to restore to any person in
          interest any money or property, real or personal, which may have been acquired
21        by means of such unfair competition. Any person may pursue representative
          claims or relief on behalf of others only if the claimant meets the standing
22        requirements of Section 17204.

23   Section 17204 allows any person "who has suffered injury in fact and has lost money or property

24   as a result of such unfair competition" to bring a claim pursuant to the Code.  Cal. Bus. & Prof.

25   Code § 17204 (amended by statute on other grounds.)

26        The Cecenas allege that they were denied their right to the comparable housing benefit

27   provided by their insurance policy because of Allstate's alleged unlawful failure to disclose the

28   availability of that benefit to them.  TAC at ¶ 34-35.  The Cecenas seek restitution of the

6

monetary equivalent of the difference between the comparable housing benefit, which they allege they would have sought had they been made aware of it, and the $500 per month they were paid by Allstate while they lived with their son.  The California Court of Appeal has stated with respect to § 17203 that:

> "The concept of restoration or restitution, as used in [§ 17203], is not limited only to the return of money or property that was once in the possession of that person." [Cite omitted.] Instead, restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest.

*Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1149 (Cal. 2003).

The Court concludes that the ALE comparable housing benefit available under the Cecenas' insurance policy is money or property in which the Cecena have a vested interest.  Accordingly, that benefit may be subject to restitution.

The Cecenas also claim that Allstate's alleged willful concealment of the comparable housing benefit is an unlawful business practice that should be enjoined.  "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined."  Cal. Bus. & Prof. Code § 17203.  The Cecenas' allege that: (1) they suffered damages as the result of an unlawful concealment by Allstate, and (2) that Allstate continues to engage in that practice.  TAC at ¶ 34-36.   These allegations are sufficient to state a claim under § 17203.

## IV.  ORDER

Good cause appearing, IT IS HEREBY ORDERED that the motion to dismiss is DENIED.  Allstate shall file its answer within twenty (20) days of the date this order is filed.

IT IS SO ORDERED.

DATED:  12/03/07

_____
JEREMY FOGEL
United States District Judge

1    Copies of Order served on the following persons:

2

3    John Arthur Shepardson          johnshepardson@hotmail.com

4    Michael A. Barnes               mbarnes@sonnenschein.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-3178 JF
ORDER DENYING MOTION TO DISMISS
JFEX2