| | |
|---|---|
| 1 | MICHAEL BARNES (State Bar No. 121314) |
| | SONIA MARTIN (State Bar No. 191148) |
| 2 | MEGAN DUNHAM (State Bar No. 245991) |
| | SONNENSCHEIN NATH & ROSENTHAL LLP |
| 3 | 525 Market Street, 26th Floor |
| | San Francisco, CA  94105 |
| 4 | Telephone: (415) 882-5000 |
| | Facsimile:  (415) 882-0300 |
| 5 | Email:       mbarnes@sonnenschein.com |
| |                smartin@sonnenschein.com |
| 6 |                mdunham@sonnenschein.com |

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO CECENA, MARIA CECENA, | CASE NO. C 05-03178 JF |
| Plaintiffs, | DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF OR REFERENCES TO DISMISSED CLAIMS |
| vs. | |
| ALLSTATE INSURANCE COMPANY, MICHAEL ROMERO and DOES 1-100, inclusive, | Trial Date: May 16, 2008<br>Time: 1:30 p.m.<br>Courtroom: 3, 5th Floor<br>Before: Hon. Jeremy Fogel |
| Defendants. | |

**INTRODUCTION**

Defendant Allstate Insurance Company hereby moves *in limine* to preclude any and all evidence, argument and references relating to the issues and claims previously adjudicated in this case.  Through its pretrial rulings, the Court has significantly narrowed the remaining issues in this case, thereby eliminating the need for much of the evidence Allstate believes plaintiffs intend to introduce at trial.  The only remaining issue in this case is plaintiffs' claim that Allstate failed to disclose all potentially available benefits under its policy's Additional Living Expense ("ALE") provision.  Evidence and arguments relating to other issues that are no longer in the case will irreversibly mislead and confuse the jury, and will result in substantial prejudice to Allstate.  As

such, this Court should exclude evidence that does not relate to Allstate's alleged failure to disclose all potential ALE benefits to the Cecenas.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2003, a fire damaged Eduardo and Maria Cecena's Hollister home. Allstate, which insured the home, immediately acknowledged coverage and fully paid each portion of plaintiffs' claim. However, on February 17, 2005, the Cecenas commenced this action in the San Benito Superior Court, alleging breach of contract and bad faith against Allstate.

In their Second Amended Complaint ("SAC"), plaintiffs asserted claims against Allstate for: (1) breach of the insurance policy, (2) bad faith policy sale, (3) bad faith claims handling, (4) negligence, (5) unlawful business practices, (6) violation of Insurance Code sections 10102 and 10103, and (7) violation of Insurance Code sections 790.02 and 790.03. On October 24, 2006, Allstate moved to dismiss four of plaintiffs' causes of action and strike portions of plaintiffs' Second Amended Complaint. On December 8, 2006, the Court dismissed without prejudice plaintiffs' statutory claims (the second, fifth, sixth and seventh claims), finding that the statutes at issue provide for no private right of action. The Court allowed plaintiffs to pursue three claims for: (1) breach of contract, (2) bad faith claims handling, and (3) negligent procurement of plaintiffs' policy.

On January 16, 2007, the Court issued a summary judgment ruling (the "January 16, 2007 Order"). The Court granted summary judgment in favor of Allstate on the remaining claims, except for the first (breach of contract) and third ("bad faith") claims only to the extent those claims were based on Allstate's alleged failure to comply with its disclosure obligations under 10 Cal. Admin. Code § 2695.4(a). Specifically, the Court's Order "[denied] Allstate's motion with respect to the ALE provision without prejudice to a renewal motion directed toward what the Cecenas now have made clear is their true theory of liability, that is, Allstate's alleged failure to disclose all of the benefits available under the policy's ALE provision." (January 16, 2007 Order, 10:23-26.)

With the Court's permission, Allstate filed a renewed motion for summary judgment on the remaining ALE-based claims. On May 14, 2007, the Court granted in part and denied in part

1    Allstate's motion (the "May 14, 2007 Order"). The Court granted Allstate's motion with respect

2    to the Cecenas' claim for breach of contract, since Allstate had paid the ALE claim in full. (May

3    14, 2007 Order, 5:8-9.) The Court denied the motion with respect to plaintiffs' "bad faith" claim.

4    (*Id.*, 5:9-11.) In its ruling, the Court permitted plaintiffs to amend their complaint "to frame

5    additional appropriate claims based upon Allstate's alleged concealment or misrepresentation

6    regarding the ALE benefits." (*Id.*, 5:12-14.)

7    On August 31, 2007, plaintiffs amended their complaint for a third time, alleging three

8    causes of action: (1) bad faith, (2) fraud, and (3) violation of Business and Professions Code

9    section 17200, all based on Allstate's alleged failure to disclose potentially available ALE

10   benefits.

11   Accordingly, the only issues remaining for trial relate to Allstate's alleged failure to

12   disclose all potential ALE benefits available to plaintiffs.

## ARGUMENT

14   Based on Allstate's attempts to meet and confer with plaintiffs, it believes plaintiffs will

15   attempt to present evidence, testimony and argument on everything they believe Allstate did

16   wrong in adjusting this claim in an attempt to inflame the jury into ruling in their favor on the

17   narrow remaining issue. Such evidence, however, is not only irrelevant to the remaining issues for

18   trial, but is simply a gambit by plaintiffs' counsel to distract, confuse and prejudice the jury.

19   Accordingly, in order to try this case efficiently and fairly, evidence and argument relating

20   to issues previously adjudicated should be precluded. Moreover, there is no reason to have a

21   witness testify on issues that have been dismissed by summary judgment. Fed. Rule Civ. Proc.

22   56(d) (in granting partial summary judgment, the district court "issue[s] an order specifying what

23   facts ─ including items of damages or other relief ─ are not genuinely at issue. The facts so

24   specified must be treated as established in the action."); *Celotex v. Catrett,* 477 U.S. 317, 323-24

25   (1986) (the purpose of summary judgment "is to isolate and dispose of factually unsupported

26   claims or defenses."); *In re Lau Capital Funding, Inc.,* 321 B.R. 287, 294-95 (Bkrtcy. C.D. Cal.,

27   2005) ("The ultimate purpose of partial summary judgment is to narrow the issues for trial.").

28   Accordingly, the following witnesses and evidence are not appropriate for trial:

**Breach of Contract:  Policy Benefits**

Plaintiffs' Second Amended Complaint sought damages for breach of the policy.  The Court, however, ultimately found that Allstate paid all benefits due under the policy.  Moreover, the Court's renewed summary judgment order expressly granted summary judgment with respect to plaintiffs' claim for ALE benefits under the policy.  (May 14, 2007 Order, 5:8-10.)  Thus, the Court should preclude any and all evidence or argument relating to any payment of plaintiffs' claim itself.

**Bad Faith:  Claims Handling**

Plaintiffs' Second Amended Complaint sought "bad faith" damages based on Allstate's handling of plaintiffs' claim.  Specifically, plaintiffs' third cause of action alleged that Allstate breached the duty of good faith and fair dealing during the adjustment of their fire loss claim, including their structure and personal property claims.  In addition, plaintiffs alleged that Allstate acted in bad-faith by unreasonably delaying the payment of policy benefits.  All of plaintiffs' "bad faith" claims, however, were adjudicated at summary judgment *except* for their claim relating to Allstate's alleged duty to disclose potentially available ALE benefits.  Thus, any argument or evidence concerning Allstate's alleged bad faith beyond this narrow issue is no longer relevant.  *See* Fed. Rule Evid. 401.  Moreover, the introduction of such evidence would confuse and distract the jury from the issues remaining for trial, and inevitably result in prejudice to Allstate.  *See* Fed. Rule Evid. 403.

Hence, the Court should exclude any evidence relating to Allstate's claims adjusters and claims handling not directly related to the disclosure of potentially available ALE benefits.

**Public Adjuster**

In their Second Amended Complaint, plaintiffs alleged that Allstate acted in bad faith by misrepresenting the fees and/or role of public adjusters in order to induce plaintiffs not to hire one.  (SAC, ¶ 95.)  The Court, however, has ruled that the only "bad faith" issue remaining for trial is whether Allstate failed to disclose all potential ALE benefits to plaintiffs.  (May 14, 2007 Order, 1:19-22.)  The Court did not preserve plaintiffs' public adjuster claim as an issue for trial.  *See*, *e.g. New Plumbing Contractors, Inc. v. Nationwide Mut. Ins. Co.*, 7 Cal. App. 4th 1088, 1096

(1992) (implied covenant does not extend beyond the four corners of the insurance policy); *Gibson v. Government Employees Ins. Co.*, 162 Cal. App. 3d 441, 448 (1984) (insurance agent's failure to recommend uninsured motorist coverage would not support "bad faith" claim, since it did not involve an express promise of the policy). As a result, any argument or evidence of Allstate's alleged statements relating to the public adjusters have no place at trial.

In particular, plaintiffs intend to call Hubert Chappell (claim adjuster) and Michael Romero (sales agent) to testify at trial. Plaintiffs have indicated that Mr. Chappell and Mr. Romero's anticipated testimony relates to their discussions with plaintiffs about hiring a public adjuster. As explained above, however, this is not an issue the Court reserved for trial. Moreover, Allstate's discussions with the Cecenas regarding whether to hire a public adjuster are irrelevant to whether Ms. Patton disclosed certain ALE benefits to them.

In addition, plaintiffs intend to call Kip Martin, a public adjuster that the Cecenas considered hiring but ultimately chose not to hire. Mr. Martin's proffered testimony is evidently that he would have informed the plaintiffs of their right to a rental home. However, such testimony has no probative value to this case because it does not affect whether Allstate disclosed or did not disclose its ALE benefits. In addition, Mr. Martin had no involvement with the Cecenas or their insurance claim. Accordingly, Mr. Martin's speculative testimony as a hypothetical public adjuster to the Cecenas is irrelevant to whether Amy Patton properly disclosed the Cecenas' right to ALE benefits. *See* Fed. Rule Evid. 401 and 602.

In short, the testimony of Messrs. Chappell, Romero and Martin has nothing to do with the remaining issues for trial. Further, if such testimony were allowed, it would be highly prejudicial to Allstate. Accordingly, any argument or evidence, including the testimony of Mr. Chappell, Mr. Romero and Mr. Martin, relating to the hiring of a public adjuster should be barred from trial.

### Discrimination

In plaintiffs' Second Amended Complaint, they accused Allstate of violating California Insurance Code § 785 by engaging in age discrimination. (SAC, ¶ 95.) The Court's dismissal order, however, specifically stated that Insurance Code §785 does not provide a private right of action.

1    In addition, plaintiffs' Second Amended Complaint contained additional allegations of age, race or income discrimination in violation of 10 C.A.C. § 2695 under their bad faith cause of action. A bad faith claim, however, can rest only on the unreasonable withholding of policy benefits, not alleged discrimination. *Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1, 36 (1995). Further, there is no evidence whatsoever of "discrimination" in this case. Indeed, Mr. Cecena admitted in his deposition that he did not feel Allstate discriminated against him. (*See* Exhibit A, p. 85:3-18).

Accordingly, not only do plaintiffs' claims lack any evidentiary support, such references to the issue would be extremely prejudicial and inflammatory. Moreover, as discussed above, the Court's summary judgment order explicitly states that the only remaining claims for trial relate to Allstate's failure to disclose all potential ALE benefits. (May 14, 2007 Order, 1:19-22.) It makes no mention of "discrimination." As a result, any evidence of discrimination against plaintiffs is barred from trial.

**Sale of the Policy**

Plaintiffs' Second Amended Complaint alleged that Allstate acted in bad faith by "engaging in an illegal referral relationship, failing to provide statutory notice of coverages, misrepresenting application information, and knowingly and/or unreasonably failing to provide adequate homeowners' coverage." (SAC, ¶ 92.) This cause of action and the underlying allegations were dismissed by the Court on December 12, 2006. (Order Granting Allstate's Motion to Dismiss, 5:26-27.)

Plaintiffs also asserted a cause of action for negligence, alleging that Allstate failed to procure adequate coverage for plaintiffs' home. The Court, however, has ruled that Allstate did not breach any such duty of care. (January 16, 2007 Order, 12:3-5.)

Finally, plaintiffs asserted a cause of action for violation of Insurance Code §10102 and Insurance Code §10103, which relate to an insurer's disclosure obligations upon the sale of an insurance policy. The Court, however, has ruled that those statutes do not provide for a private cause of action. (Court's Order Granting Allstate's Motion to Dismiss, 5:26- 6:2.)

Finally, plaintiffs' Second Amended Complaint also asserted a cause of action for violation of Business and Professions Code section 17200, alleging that Allstate's agent, Mr. Romero,

engaged in an illegal referral relationship with a lender called "CoreWest." As noted in the Court's order, however, plaintiffs do not have a private right of action under such statutes. (Court's Order Granting Allstate's Motion to Dismiss, 6:13-14.) In addition, the only remaining issue after the Court's summary judgment order is ALE benefits. (May 14, 2007 Order, 1:19-22.)

As such, any evidence relating to the sale of the Cecenas' policy bears no relation to whether all ALE benefits were disclosed to them following their fire loss. Accordingly, the Court should exclude all argument and evidence relating to the sale of plaintiffs' policy.

## **CONCLUSION**

Very few issues remain for trial. The Court has dismissed or granted Allstate summary judgment on all claims except for those based on Allstate's alleged failure to disclose ALE benefits. (May 14, 2007 Order, 5:8-11.) Plaintiffs' attempt to introduce evidence of every claim every at issue in this case is an improper attempt to make this into a much larger case than it is.

Accordingly, in order to avoid confusing the jury and prejudicing Allstate, and to permit an expedient adjudication of the remaining issues, Allstate respectfully requests that the Court exclude at trial any and all evidence of the above issues.

Respectfully submitted,

Dated: April 25, 2008                    SONNENSCHEIN NATH & ROSENTHAL LLP


By      */s/ MICHAEL BARNES*
             MICHAEL BARNES

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY