**E-filed 5/14/08**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EDUARDO CECENA, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE CO., et al., <br><br>   Defendants. | Case Number C 05-3178 JF (HRL) <br><br> ORDER[1] DENYING PLAINTIFFS' MOTION *IN LIMINE* NO. 3 AND GRANTING DEFENDANT'S MOTION *IN LIMINE* NO. 2 <br><br> [re: doc. nos. 189, 200] |

On May 9, 2008, the Court requested supplemental briefing with respect to the parties' cross-motions in limine regarding potential *Brandt*[2] fees. The Court has reviewed the Cecenas' brief filed May 11, 2008, Allstate's brief filed May 12, 2008, and the Cecenas' reply filed May 12, 2008. The Court concludes that the Cecenas are not entitled to seek *Brandt* fees in this case because the Court explicitly has ruled that Allstate did not breach any obligation to pay benefits due under the policy. Order of 1/16/07, p. 9. "Attorney's fees, while recoverable when an insurer has acted tortiously, are limited to the amount due under the policy; fees expended on

---

[1] This disposition is not designated for publication and may not be cited.

[2] *Brandt v. Superior Court*, 37 Cal.3d 813 (1985).

1  obtaining amounts in excess of the policy, such as consequential damages, aren't recoverable."
2  *Slottow v. American Cas. Co.*, 10 F.3d 1355, 1362 (9th Cir. 1993).  In other words, the insured
3  may recover "only those fees incurred to obtain the policy benefits that would not have been
4  incurred but for the insurer's tortious conduct, and *not* the fees incurred in prosecuting the
5  tortious breach of covenant claim."  *Burnaby v. Standard Fire Ins. Co.*, 40 Cal. App. 4th 787,
6  792 (1995).

7      The Court has characterized the Cecenas' claim as an assertion that Allstate breached its
8  *disclosure* obligations by failing to inform them that they had the option to live in a comparable
9  rental home; the Cecenas assert that had they been informed of this option, they would have lived
10 in a rental home costing at least $2,000 per month and that Allstate would have been obligated to
11 reimburse them for these expenses.  Order of 1/16/07, p. 9.  The Cecenas, of course, did not
12 actually incur the subject rental expenses, so Allstate's failure to pay these expenses was not a
13 breach of the express ALE provision, which requires reimbursement for expenses actually
14 incurred.  The Cecenas have not cited any cases permitting recovery of *Brandt* fees based upon
15 an insurer's bad faith breach of its disclosure obligation absent a corresponding denial of policy
16 benefits.

17     Accordingly, the Cecenas' motion *in limine* no. 3 is DENIED, and Allstate's motion *in
18 limine* no. 2 is GRANTED.

19     IT IS SO ORDERED.

23 DATED: 5/14/08

                                                                      JEREMY FOGEL
                                                                       United States District Judge

Case No. C 05-3178 JF (HRL)
ORDER DENYING PLAINTIFFS' MOTION IN LIMINE NO. 3 ETC.
(JFLC2)

This Order was served on the following persons:

Michael A. Barnes mbarnes@sonnenschein.com, msaplala@sonnenschein.com

Sonia Renee Martin smartin@sonnenschein.com, clakes@sonnenschein.com, msaplala@sonnenschein.com

John Arthur Shepardson johnshepardson@hotmail.com

Jessica Lou Woelfel jwoelfel@sonnenschein.com, darthur@sonnenschein.com, ddonner@sonnenschein.com