\*\*E-filed 6/11/08\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO CECENA, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>ALLSTATE INSURANCE CO., et al.,<br><br>          Defendants. | Case Number C 05-3178 JF (HRL)<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW[1] WITH RESPECT TO PLAINTIFFS' CLAIM UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200<br><br>[re:  doc. nos. 241, 243, 244] |

     On May 22, 2008, after all of Plaintiffs' fact witnesses had testified before the jury, the Court granted the motion of Defendant Allstate Insurance Company ("Allstate") for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) with respect to Plaintiffs' claims for bad faith and fraud.  In its oral ruling on the record, the Court discussed at length its reasons for concluding that, even drawing all inferences in Plaintiffs' favor, the evidence could not support a finding that Allstate had acted with the state of mind that is a necessary element of each of these claims.

     On May 23, 2008, Plaintiffs filed a request for judicial findings with respect to their

---

[1] This disposition is not designated for publication in the official reporter.

remaining claim asserted under California Business & Professions Code § 17200.  Plaintiffs correctly noted that the § 17200 claim was tried to the Court, *see Hodge v. Superior Court*, 145 Cal. App. 4th 278, 284-85 (2006), and that the oral ruling did not address that claim expressly. Plaintiffs subsequently filed a supplemental request and a second supplemental request for judicial findings with respect to the § 17200 claim.

Federal Rule of Civil Procedure 52(c) provides as follows:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.  The court may, however, decline to render any judgment until the close of the evidence.  A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P. 52(c).  Rule 52(a) requires that in an action tried without a jury, "the court must find the facts specially and state its conclusions of law separately."  Fed. R. Civ. P. 52(a).  The findings and conclusions may be stated on the record or set forth in a written opinion or memorandum of decision.  *Id.*

As required by Rule 52(c), the Court hereby makes the following findings of fact and conclusions of law:

**Findings Of Fact:**

(1)   At the time Allstate's agents initially discussed housing options with Plaintiffs, Plaintiffs stated definitively that they would live with their son, Andy.

(2)   Allstate immediately agreed to pay Plaintiffs the sum that *they* proposed to be a fair "cash out" of the ALE benefit, $500 per month, for the entire twelve month coverage period.

(3)   Amy Patton ("Patton"), the Allstate adjuster assigned to handle the ALE portion of the claim, expressly asked Plaintiffs to let her know if the living arrangement with Andy did not work out.

(4)   Plaintiffs did *not* tell Patton or any other Allstate representative that they were sleeping on a fold-out couch at Andy's house, or that they were uncomfortable or unhappy with their living arrangement.  In particular, Plaintiff Eduardo Cecena never expressed any concern about Plaintiffs' living arrangements in any of nearly thirty meetings with Plaintiffs' Allstate

agent, Mr. Romero.

(5) There is no evidence of deliberate intent on the part of Patton or any other Allstate representative to deprive Plaintiffs of the option to live in a rental home during the period of ALE coverage.

(6) There is no evidence that Allstate has a practice of concealing from its insureds that living in a rental home is an available option under the ALE provision.

(7) At most, the evidence may be sufficient to support a conclusion that Patton was negligent in failing to ensure that Plaintiffs understood that they could choose to live in a rental home rather than with Andy.

**Conclusions Of Law**

(8) "To bring a claim under the California Unfair Competition Law, a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue, or misleading advertising." *Stewart v. Life Ins. Co. of North America*, 388 F. Supp. 2d 1138, 1143 (E.D. Cal. 2005) (internal quotation marks and citations omitted).

(9) Plaintiffs' § 17200 claim is based upon their allegation that Allstate "has engaged in an unlawful business practice of failing to properly disclose ALE benefits." Third Am'd Complt., ¶ 35.

(10) Because they failed to present any evidence that Allstate had a practice of concealing that rental housing is one option under the ALE provision, Plaintiffs could not prevail on their § 17200 claim.[2]

IT IS SO ORDERED.

DATED: 6/11/08

                                              /s/ Jeremy Fogel
JEREMY FOGEL
United States District Judge

---

[2] In their supplemental filings, Plaintiffs request explicit findings as to a large number of factual and legal issues. For the most part, the requests repeat legal arguments already decided by the Court, and in addition they largely are irrelevant to adjudication of the § 17200 claim. The Court is of the opinion that the present document meets the requirements of Rule 52(c).

1 | This Order was served on the following persons:

Michael A. Barnes mbarnes@sonnenschein.com, msaplala@sonnenschein.com

Sonia Renee Martin smartin@sonnenschein.com, clakes@sonnenschein.com, msaplala@sonnenschein.com

John Arthur Shepardson johnshepardson@hotmail.com

Jessica Lou Woelfel jwoelfel@sonnenschein.com, darthur@sonnenschein.com, ddonner@sonnenschein.com