**E-Filed 9/20/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EDUARDO CECENA, et al., | Case Number 5:05-cv-03178-JF |
| Plaintiffs, | ORDER[1] GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REVIEW OF TAXED COSTS |
| v. | |
| ALLSTATE INSURANCE COMPANY, et al., | [re:  document no. 278] |
| Defendants. | |

Following entry of judgment for Defendant Allstate Insurance Company ("Allstate"), the Clerk of the Court taxed costs in the amount of $18,609.34 against Plaintiffs Eduardo and Maria Cecena ("the Cecenas").  *See* Dkt Entry 264.  The Cecenas seek review of the cost award.

As an initial matter, the Court deems the Cecenas' motion to be timely.  Allstate filed its initial bill of costs on June 20, 2008, before judgment was entered.  The Cecenas filed a motion challenging the cost bill on July 1, 2008.  On the same date, judgment was entered and Allstate filed an amended bill of costs.  The Clerk's notice of taxed costs was filed on August 28, 2008. Five days later, on September 2, 2008, the Cecenas filed a notice requesting that their prior

---

[1] This disposition is not designated for publication in the official reports.

1   motion challenging Allstate's original bill of costs be applied to Allstate's operative bill of costs.

2   On February 13, 2009, the Court terminated the Cecenas' motion in light of their pending appeal.

3   The Court of Appeals subsequently affirmed the judgment for Allstate, and the mandate issued

4   on January 29, 2010.  The United States Supreme Court denied the Cecenas' petition for writ of

5   certiorari on June 11, 2010.

6       The Cecenas filed the instant renewed motion for review of costs on June 30, 2010.

7   Allstate contends that the motion is untimely because it was not filed within seven days of the

8   Clerk's award of costs as required by Federal Rule of Civil Procedure 54(d)(1).[2]  However, as

9   noted above, the Cecenas did challenge Allstate's operative bill of costs within the seven-day

10   deadline.  Arguably, the Cecenas should have renewed that challenge after the mandate issued

11   from the Court of Appeals rather than waiting for disposition of their petition for writ of

12   certiorari.  However, given that the Court terminated the Cecenas' original challenge and that the

13   time frame for renewing a challenge is not addressed in Rule 54(d), the Court deems the instant

14   motion to be timely.

15       Turning to the merits of the motion, "Rule 54(d) creates a presumption for awarding costs

16   to prevailing parties; the losing party must show why costs should not be awarded."  *Save Our*

17   *Valley v. Sound Transit*, 335 F.3d 32, 944-45 (9th Cir. 2003).  The Ninth Circuit has enumerated

18   several factors that might justify a district court's refusal to award costs to a prevailing party:  the

19   losing party's limited financial resources; misconduct on the part of the prevailing party; the

20   importance of the issues; the merits of the plaintiff's case, even if the plaintiff loses; and the

21   chilling effect on future civil rights litigants.  *Id*. at 945.

22       The Cecenas submit evidence of limited financial resources.  Eduardo states in his

23   declaration that he and his wife "had to go heavily into debt to pay for the rebuild" of their home;

24   the present value of the home is $280,000; the amount of the first mortgage on the home is

25   $480,000 and the amount of the second mortgage is $30,000; he and his wife have credit card

26

27   [2] Rule 54(d)(1) provides as follows:  "Unless a federal statute, these rules, or a court order
     provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.
28   . . .  The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the
     court may review the clerk's action."  Fed. R. Civ. P. 54(d)(1).

Case No. 5:05-cv-03178-JF
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR REVIEW OF TAXED COSTS
(JFLC2)

bills of $380 per month; and they have a negative net worth of more than $230,000.  Errata Decl.

of John Shepardson, ¶2, quoting Decl. of Eduardo Cecena ¶¶ 16-21.[3]  Eduardo also states that he

is eighty-four years old and that Maria is in her seventies.  Decl. of Eduardo Cecena ¶ 3. Maria

states in her declaration that she started work "in the Cannery" this summer, making $11.44 per

hour, working seven days a week for eight hours per day.  Decl. of Maria Cecena ¶¶ 5-6.  Maria

states that she must work to help pay the living expenses of herself and her husband.  *Id*. ¶ 7.

The Cecenas also accuse Allstate of misconduct throughout the litigation, but those accusations

are not supported by the evidence.  The remaining factors are not relevant here.

   While Allstate's cost bill is quite modest given that the litigation spanned several years

and culminated in a trial, the Court will reduce the bill by approximately one-third in

consideration of the Cecenas' limited resources.  This ruling will be conditioned upon the refiling

of Eduardo's complete declaration within seven days of the date of this order.  At the hearing,

Allstate's counsel pointed out that it was unclear whether Eduardo was qualified to opine as to

the present value of the Cecenas' home.  While the Court understands Allstate's concern,

Eduardo has spent his life working in the construction industry, which makes him more able to

estimate home values than an average homeowner.  Moreover, the statements in the declarations

with respect to the value of the outstanding mortgages, the couple's credit card debt, and the fact

that Maria – who is in her seventies – now finds it necessary to work in a cannery eight hours a

day, seven days a week, are sufficient to establish that the Cecenas have limited financial

resources.

//

//

---

[3] The second of three pages inadvertently was omitted from the copy of Eduardo's declaration filed with the Court in conjunction with this motion; the most relevant paragraphs of Eduardo's declaration were on the omitted page.  Instead of refiling Eduardo's entire declaration, Mr. Shepardson filed an "Errata Declaration Of John Shepardson" setting forth the paragraphs that had been omitted from Eduardo's declaration.  While it will accept Mr. Shepardson's representation as to the contents of the omitted page of Eduardo's declaration, the Court will require counsel to refile Eduardo's complete declaration as a condition of obtaining relief on this motion.

Case No. 5:05-cv-03178-JF
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR REVIEW OF TAXED COSTS
(JFLC2)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

(1)    The motion for review of taxed costs is GRANTED IN PART AND DENIED IN

PART.  The taxed costs shall be reduced from $18,609.34 to $12,000; and

(2)    This ruling is conditioned upon the Cecenas' refiling of Eduardo Cecena's

complete declaration within seven days of the date of this order.

DATED:  9/20/2010

_____
JEREMY FOGEL
United States District Judge

Case No. 5:05-cv-03178-JF
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR REVIEW OF TAXED COSTS
(JFLC2)